**Edward E. BRISCOE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18346.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1964.

Decided July 23, 1964.

Petition for Rehearing en Banc
Denied Sept. 19, 1964.

Mr. Warren E. Magee (appointed by this court), Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Gerald A. Messerman, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, WRIGHT and MCGOWAN, Circuit Judges.

PER CURIAM.

This appellant was convicted of violations of the narcotics laws and now urges various grounds for reversal which we need but mention.

We find no occasion to reverse by reason of the instructions [1] under which the defense of entrapment was submitted for determination by the jury. Appellant argues that a police officer should not have been allowed to testify that he performed a "field test" which yielded evidence that the samples contained a narcotic alkaloid of the opium group, but no objection to the testimony had been voiced at trial. He claims prejudice because of certain answers elicited upon cross examination of appellant about his wife. Apart from the broad discretion accorded to the trial judge in his control of cross examination, no objection had been raised at the time. He contends most strongly that there was insufficient material to permit of quantitative chemical analysis, and thus there

---

1. In the charge, the trial judge referred to the ensnarement of "the innocent and law-abiding." As the Government appears to concede, this apparent limitation of the availability of the defense was not proper under Hansford v. United States, 112 U.S.App.D.C. 359, 362, 303 F.2d 219, 222 (*en banc*, 1962); and see generally, Smith v. United States, 118 U.S.App.D.C. ——, 331 F.2d 784 (*en banc*, 1964). No objection was made to the charge which, on the whole, we believe was not misleading.

was a failure of adequate proof of the exact amount of the heroin in the bags sold by the appellant. Again, there had been no objection to the admissibility of the evidence as elicited from the Government chemist, and we do not pursue the point on appeal.

Upon the record as a whole, we perceive no adequate basis for departure from the harmless error rule.

Affirmed.

WRIGHT, Circuit Judge (concurring specially).

As the court's opinion indicates, the amount of heroin involved in this case was so small that it was not subject to quantitative measurement. Using this fact as a predicate, appellant invokes the rule of substantiality, arguing that since the amount is unmeasurable, it cannot serve as a basis for prosecution. Since this issue was not adequately raised below, I would not notice it now.

DANAHER, Circuit Judge (concurring specially).

While we are unanimous as to the result to obtain here and generally, as to our Per Curiam treatment of the appellant's claims, Judge Wright has spoken of the appellant's invocation of a "rule of substantiality."

It is so that in the past some defendants charged with illicit traffic in narcotic drugs have contended that the Government must prove that the quantity of heroin involved was in excess of one-eighth of a grain. Reliance was mistakenly based upon 26 U.S.C. § 4702(a) (1958) for the courts have held that the exemptions there mentioned applied only to "remedies and preparations," as medicines. Tillman v. United States, 268 F.2d 422, 425 (5 Cir. 1959); Chin Gum v.

United States, 149 F.2d 575, 577 (1 Cir. 1945). Moreover, any person asserting a defense based upon a claimed exemption had the burden of proving it. United States v. Chiarelli, 192 F.2d 528, 531 (7 Cir. 1951), cert. denied, 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683 (1952). As applicable to like claims with respect to marihuana, we recognized the principle in Smith v. United States, 106 U.S.App. D.C. 26, 27, 269 F.2d 217, 218, cert. denied, 361 U.S. 865, 80 S.Ct. 130, 4 L.Ed.2d 108 (1959), pointing out that the Supreme Court has held "that it is incumbent on one who relies on such an exception to set it up and establish it." McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922).

But even the "one-eighth of a grain of heroin" minimum has yielded to later congressional action.[1] No doubt the legislation reflects what Mr. Justice Frankfurter called "a unitary congressional purpose to outlaw non medicinal sales of narcotics," which "reveals the determination of Congress to turn the screw of the criminal machinery—detection, prosecution and punishment—tighter and tighter."[2] Thus, the new Act expands the definition of narcotic drugs previously set forth in 26 U.S.C. § 4731 (1958) to include not only opiates but synthetics, such as any "other substance" found by the Secretary "to have an addiction-forming or addiction-sustaining liability similar to morphine or cocaine,"[3] and otherwise as the section reads.

Whoever nowadays, whether legally or illegally—and regardless of the amounts involved—would traffic in "narcotic drugs," may be well advised to examine the scope of the 1960 Act. Finally, the legislation specifically provides, and the Act applies to the District of Columbia, the Government in any indictment need not negative any exemptions, and the bur-

---

1. "Narcotics Manufacturing Act of 1960," 74 STAT. 55, 58, 26 U.S.C. § 4702(a) (Supp. IV, 1963).

2. Gore v. United States, 357 U.S. 386, 390, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

3. 74 STAT. 57, 61, 26 U.S.C. § 4731 (Supp. IV, 1963); and see 26 C.F.R. § 151.11 et seq. (1961).

den of proof shall be on the person claiming exemption. Moreover,

> "In the absence of proof by such person that he is the duly authorized holder of an appropriate license or quota issued under this chapter, he shall be presumed not to be the holder of such license or quota and the burden of proof shall be upon him to rebut such presumption." [4]

4.  74 STAT. 68, 21 U.S.C.A. § 516 (Supp. IV, 1963).