Arthur J. PALMER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19785.

United States Court of Appeals
Ninth Circuit.

May 11, 1965.

Arthur J. Palmer, in pro. per.

Sidney I. Lezak U. S. Atty., Portland, Or., Donal D. Sulllivan, First Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and MATHES, District Judge.

HAMLEY, Circuit Judge:

Arthur J. Palmer appeals from an order denying his motion, made under 28 U.S.C. § 2255 (1958), to set aside his conviction and sentence.

On September 13, 1962, Palmer was convicted on his plea of guilty to a charge of unlawful possession of a "quantity" of heroin in violation of section 4724(c) of the Internal Revenue Code of 1954, 26 U.S.C. § 4724(c) (1958). He was sentenced to imprisonment for seven and one-half years. Palmer thereafter moved, pursuant to section 2255, to vacate the sentence and conviction on the grounds that he did not plead understandingly and voluntarily and that section 4724 violates the privilege against self incrimination protected by the Fifth Amendment. The motion was denied and this court affirmed. Palmer v. United States, 9 Cir., 332 F.2d 788.

■ In his second section 2255 motion, now before us, Palmer contends that the information to which he pleaded does not charge a crime under section 4724(c) because it fails to state that the quantity of heroin found in his possession exceeded one-eighth of a grain. He calls attention to section 4702(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 4702(a) (1958), which provides that:

"* * * The provisions of this subpart and sections 4721 to 4726, inclusive, shall not be construed to apply to the * * * possession of preparations and remedies which do not contain more than * * * one-eighth of a grain of heroin, * * *."[1]

If the one-eighth grain limitation were applicable to the charge against Palmer the information nevertheless charges a crime under section 4724(c), despite the failure to state that the quantity of heroin found in Palmer's possession exceeded one-eighth of a grain. This is true because the information alleges that Palmer had in his possession a quantity of heroin "* * * in violation of Section 4724(c) * * *." The quoted words necessarily imply that he had the possession of the requisite quantity to

---

1. In 1960, this section was amended to eliminate this one-eighth grain limitation. Section 4(c) of the Narcotics Manufacturing Act of 1960, 74 Stat. 58, 26 U.S.C. § 4702(a) (Supp. IV, 1963); Briscoe v. United States, D.C.Cir., 336 F.2d 960, 961. But since Palmer was charged with having possessed the heroin on August 1, 1959, his case is governed by the statutes as they existed prior to the 1960 amendment.

constitute an offense under that section. The exact quantity in excess of the statutory minimum could have been ascertained by a bill of particulars, had Palmer desired.

In any event, the one-eighth grain limitation specified in section 4702 (a) is not applicable to the charge against Palmer. This limitation applies only to the possession of heroin in the form of preparations and remedies for medicinal purposes. Tillman v. United States, 5 Cir., 268 F.2d 422, 425; Chin Gum v. United States, 1 Cir., 149 F.2d 575, 577. See, also, Briscoe v. United States, D.C.Cir., 336 F.2d 960, 961 (concurring opinion). Palmer was not charged with possession of heroin in such a form and for such purposes.

Affirmed.