Pete JOHNSON, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22632–A.

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1968.

Charles L. Kellar (argued), Las Vegas, Nev., for appellant.

Robert S. Linnell (argued), Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, and MERRILL and HUFSTEDLER, Circuit Judges.

MADDEN, Judge:

The appellant, hereinafter called the defendant, was convicted in a jury trial in the district court, of violation of Section 4742(a) of Title 26, United States Code.[1] The defendant has appealed. No question regarding the ju-

---

* Senior Judge, The United States Court of Claims, sitting by designation.

1. § 4742(a) provides, in pertinent part:
  It shall be unlawful for any person * * * to transfer marihuana except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary (of the Treasury) or his delegate.
  *     *     *     *     *

risdiction of the district court or of this court is involved.

Evidence introduced by the prosecution supports the following narrative. On October 6, 1965, Sergeant McCarthy of the Las Vegas, Nevada, Police Department introduced Federal Narcotics Agent Turnbou to a man named Booker, who was apparently an informant for the Las Vegas Police Department. Booker took Turnbou to a certain pool hall and introduced him to the defendant Johnson, saying that Turnbou was Booker's friend and " * * * wants to get some pot". The defendant replied, "I have got a connection that can take care of it. However, his supply is quite low now. I don't think he can handle a pound, but he can get some cans at $20.00 a can." Thereupon Turnbou, Booker and the defendant went in Booker's auto to No. 503 Jefferson Street. There the defendant asked for and received $40.00 from Turnbou. The defendant left the auto and entered the No. 503 premises. Some five minutes later the defendant came out of the premises accompanied by one Lafayette Wood, who is the appellant in another case No. 22632, decided today by this Court. Wood drove off in a Cadillac and Turnbou, Booker and the defendant followed in Booker's auto. Upon getting back into Booker's auto, the defendant told Turnbou that they would have to go to the neighborhood of the "El Morocco" to meet the "connection". When they reached the vicinity of the El Morocco, Wood approached Booker's auto and handed the defendant two foil-wrapped packages, which the defendant immediately handed to Turnbou. No order form such as is required by 26 U.S.Code § 4742(a), supra, was used in the transaction. Each of the two packages contained a substantial quantity of marihuana.

The defendant makes seven assignments of error, which will be dealt with seriatim:

■ He says that the indictment was illegally found, that there was no probable cause to support it, and it should have been dismissed prior to trial. In Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court held that a federal indictment was not invalidated by the fact that "only hearsay evidence was presented to the grand jury." Mr. Justice Black said, for the Court:

The Constitution does not prescribe the kind of evidence upon which grand juries must act * * *. There is every reason to believe that our constitutional grand jury was intended to operate substantially like its English progenitor * * *. And in this country as in England of old the grand jury has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice, and to free no one because of special favor * * *. (I)f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury the resulting delay would be great indeed.

The Court in Costello declined to establish a rule against the sufficiency of such hearsay evidence in the exercise of its supervisory power over federal courts.

There is no merit in the defendant's first assignment of error.

■ The second assignment of error relates to alleged entrapment. But our recital of the facts presented by the prosecution, and, so far as possible entrapment is concerned, uncontradicted, show that nothing even remotely resembling entrapment occurred. The defendant said he had a "connection"; that he probably could not get as much as a pound, but that he could get cans at $20.-00 a can. The court instructed the jury on entrapment, but the instruction was unnecessary, because, as we have said, there was no evidence of entrapment. The second assignment of error is rejected.

■ The third assignment of error asserts that the Government did not prove the elements of the crime. We have quoted the statute which defines the crime, and have narrated the evidence which, if

reasonably believed by the jury, showed that the defendant violated the statute. There is no ground for this assignment of error.

The fourth assignment of error is that "no testimony of the alleged informer Booker should have been admitted." Booker did not testify, and the testimony of Turnbou as to what Booker said was not admitted to prove the truth of what Booker said, but only to prove that he said it. The admission of the evidence did not violate either the letter or the purpose of the rule excluding hearsay evidence, and was, therefore, not error.

The fifth assignment of error says, in effect that the district court committed error in questioning the prosecution witness Turnbou as to whether the defendant asked Turnbou if he had the government form which was necessary to make the transfer of marihuana lawful. The Court's inquiry was proper, to eliminate any factual confusion about the matter of the government form. The defendant's idea that if the transferee does not have the necessary form, the transferor's act of transferring the marihuana without receiving the form is not a violation of the statute, is unsound and contrary to the statute.

The sixth assignment of error relates to the defendant's claim of entrapment. We have said above that there was no evidence of entrapment. The defendant says that the court should have instructed the jury that Turnbou, the Federal Narcotics Agent, rather than the defendant, was the violator of the law. If Turnbou had violated the transferee provision, 26 U.S. Code § 4744(a), of the statute by buying marihuana from the defendant without having a written order from the Secretary of the Treasury, that fact would have had no relevance to the defendant's case, and it would only have been confusing for the court to give an instruction about it. As we have said there was no evidence of entrapment of the defendant. We are not intimating, of course, that Turnbou's action, in the performance of his duty to discover violations of the narcotics law, was a violation of that law.

The seventh assignment of error is that the Government did not prove its case and that for that reason the defendant's motion to dismiss the indictment should have been granted. The Government's evidence was adequate.

The judgment is affirmed.