**Lafayette WOOD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22632.**

United States Court of Appeals
Ninth Circuit.

Dec. 30, 1968.

Rehearing Denied Jan. 20, 1969.

Charles L. Kellar, Las Vegas, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, MERRILL and HUFSTEDLER, Circuit Judges.

J. WARREN MADDEN, Judge:

The appellant, hereinafter designated as the defendant, was convicted in the district court of violating Section 4742 (a) Title 26, United States Code.[1] The defendant has appealed. No question regarding the jurisdiction of the district court or this court is involved.

Evidence introduced by the Government at the trial supports the following recital of facts. On October 6, 1965, Sergeant McCarthy of the Las Vegas, Nevada Police Department introduced Federal Narcotics Agent Turnbou to a man named Booker who was apparently an informant for the Las Vegas Police Department. Booker took Turnbou in Booker's auto to a certain pool hall and introduced him to one Pete Johnson,[2]

saying to Johnson that Turnbou was Booker's friend and " * * * wants to get some pot." Johnson replied that he had a connection that could take care of the request except that the connection's supply was low, and Johnson thought the connection could not supply a pound, but that he could get some cans at $20.00 per can. Thereupon Turnbou, Booker and Johnson went in Booker's auto to No. 503 Jefferson Street. There Johnson asked for and received $40.00 from Turnbou. Johnson then entered the No. 503 premises. He came out some five minutes later with the defendant Wood. Wood drove off in a Cadillac and Johnson, Turnbou and Booker followed him in Booker's auto. In getting back into Booker's auto after the defendant had driven off in the Cadillac, Johnson told Turnbou that they would have to go to the neighborhood of the "El Morocco" to meet the connection. When they reached the vicinity of the El Morocco the defendant came to the auto and handed Johnson two foil-wrapped packages, which packages Johnson immediately handed to Turnbou. No order form such as is required by 26 U.S. Code, § 4742(a) supra, was used in the transaction. Each of the two packages contained a substantial quantity of marihuana.

The defendant lists 8 asserted errors in his assignment of errors. We deal with them seriatim:

■ 1. The defendant says that the district court should have dismissed the indictment before trial because there was no "legal evidence" before the grand jury; that when it brought the indictment, it had nothing but hearsay evidence before it.

The Supreme Court of the United States, in Costello v. United States, 350

---

* Senior Judge, The United States Court of Claims, sitting by designation.

1. § 4742(a) provides, in pertinent part:
   It shall be unlawful for any person * * * to transfer marihuana except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary (of the Treasury) or his delegate.

2. Pete Johnson was indicted jointly with the defendant, but was tried in a separate trial. He was convicted and has appealed. His conviction is affirmed in Case No. 22632-A, this day decided.

U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956) held that a federal indictment was not invalidated by the fact that "only hearsay evidence was presented to the grand jury." Further pertinent language from the Costello opinion, written by Mr. Justice Black, is quoted in our opinion in Johnson v. United States, 9 Cir., 404 F.2d 1069, No. 22632–A, decided today, and will not be repeated here. The assignment of error is not valid.

2. The second assignment of error attacks the sufficiency of the evidence to establish the elements of the crime charged in the indictment. What the indictment charged against the defendant was that he had transferred marihuana to Turnbou, not in pursuance of a written order from the Secretary of the Treasury, in violation of Title 26, U.S. Code § 4742(a). The Government's evidence showed that Johnson, having told Turnbou that he could, through a connection, get marihuana for transfer to Turnbou, went to the defendant, conferred with him, whereupon the defendant went to another place and shortly appeared with two packages of marihuana which he handed to Johnson who immediately and in the defendant's presence, handed them to Turnbou.

Title 18, U.S. Code, Section 2 provides that whoever aids and abets the commission of an offense against the United States shall be punishable as a principal. It is unnecessary that an indictment for a crime allege a violation of 18 U.S. Code, § 2, to lay a foundation for a conviction based on aiding and abetting. In a colloquy between Court and defense counsel in which counsel argued that the defendant knew nothing about the transaction in which marihuana was allegedly transferred, the court said "Every person who thus wilfully participates in the commission of a crime may be found to be guilty of that offense." Then the court went on to correctly define aiding and abetting, and next, as defendant's counsel says in his brief " * * * the court requested counsel to prepare instructions on the

theories which the Court had now developed for the prosecution, but defense counsel refused to participate in that." Defense counsel said "I won't prepare anything on that, I don't think it is applicable."

On the testimony of Turnbou, which the jury must have believed, the defendant's participation in the transaction, the putting of the marihuana into the hands of Johnson who immediately passed it on to Turnbou was properly a transfer, and not the aiding and abetting of a transfer by Johnson. Defense counsel had spurned the idea of an instruction on aiding and abetting, obviously because he hoped to persuade the jury that the defendant had no guilty knowledge about the transaction, if they believed that such a transaction occurred, and therefore should not be convicted either of transferring, or of aiding and abetting the transfer. The court gave no instruction on aiding and abetting. That could not have prejudiced the defendant because, since the jury found the defendant guilty of having, together with Johnson, made the transfer, it could not have failed to find him guilty, on Turnbou's testimony of the less direct involvement of aiding and abetting. The only question of substance in the defendant's case was the question of whether there was a transfer at all and, if there was, whether he had guilty knowledge of it. The jury found, from the circumstances, that he had guilty knowledge. His counsel correctly estimated that if that should happen, an instruction on aiding and abetting would be of no use to the defendant, in view of 18 U.S. Code, § 2.

3. The defendant's third assignment of error is:

"that the defendant was denied due process of law in that the Court did not remain the arbitor (sic) and impartial tryor (sic) of the facts and law, but became an advocate for the Government."

Defendant's counsel became obsessed with the idea that, the trial court having indicated at one stage of the trial that it

was doubtful of the correctness of the Government's construction of the applicable statute, and also that the court thought that the Government's case was lacking in an essential fact, the defendant thereupon acquired a vested right that the case be dismissed, which right was denied him when the court after further study of the statute came to the correct conclusion as to its meaning, and, after having the court reporter read back some evidence which the court had temporarily forgotten, became aware that the evidence of the essential fact was not lacking.

Defense counsel, in his brief, after quoting at length from the court's oral discussion says:

> "It is obvious that the Court is searching everywhere for some excuse to hold the defendant, instead of giving him the benefit of the reasonable doubt which the statutes provide and which is his constitutional right."

■ We will not dignify the defendant's third assignment of error, except to say that there is not even the most tenuous basis in the record for the serious charges made against the district court in the passage just above quoted from the brief of the defendant's counsel. The language is inexcusable and highly reprehensible.

■ 4. Assignment of error No. 4 asserts that the defendant Wood, a Negro, was denied a constitutional trial in that his jury included no Negroes and was not composed of a cross-section of the community. No evidence was offered to prove that there were legal defects in the method of jury selection. The assignment of error has no merit.

■ 5. Assignment of error No. 5 asserts error in the district court's refusal to direct the jury to bring in a verdict of acquittal. The evidence in the case was adequate to take the case to the jury. It would have been an encroachment upon the province of the jury for the court to have directed a verdict of acquittal.

■ 6. The sixth assignment of error says that Sergeant McCarthy of the Las Vegas Police force "the key witness upon whom the Government relied to bring about the conviction of appellant Wood, committed perjury in the Wood trial." Sergeant McCarthy was not the key witness in the trial. Turnbou, the Federal Narcotics Agent, was the Government's key witness. Sergeant McCarthy did not perjure himself. He was vigorously cross-examined by defense counsel and his testimony, though relatively unimportant, gave every indication of being frank and truthful.

■ 7. The seventh assignment of error says that in the trial "the law which asserts that a defendant is *innocent until he is proven guilty beyond a reasonable doubt* was effectively negated." There is nothing whatever in the record of the trial to support this assertion. And the instructions on the subject were the usual careful and emphatic instructions.

■ 8. The eighth assignment of error speaks of error in admitting exhibits and hearsay testimony over objections of defense counsel. Counsel's argument makes no mention of this assignment. The assignment itself gives 7 references to the Reporter's Transcript. Several of the references are to objections made by defense counsel on the ground that the testimony was hearsay. It was not hearsay. It was not offered nor received to prove the truth of the statement testified to, but to prove that the statement had been made and heard. The other transcript references relate to the admission in evidence of containers in which the marihuana here in question was transmitted to one or more chemical testing laboratories and from the laboratories returned to the place of the trial. They were properly admitted.

We find no error, and the judgment is affirmed.