Arthur Dale JACK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23171.

United States Court of Appeals
Ninth Circuit.

March 25, 1969.

R. Max Etter, Sr. (argued), Spokane, Wash., for appellant.

James J. Simonelli (argued), Asst. U. S. Atty., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY, HAMLIN and HUFSTEDLER, Circuit Judges.

HAMLIN, Circuit Judge:

In an indictment found by the Grand Jury in the United States District Court for the Eastern District of California, Lee and Doty were charged with a violation of 18 U.S.C. § 2113(a) (d) (armed bank robbery), and Arthur Dale Jack, appellant herein, was charged with aiding and abetting Lee and Doty in the commission of such crime (18 U.S.C. § 2). Prior to Jack's trial Lee and Doty confessed to the crime, and each pleaded guilty. Appellant pleaded not guilty and was convicted after a jury trial. A timely appeal was filed in this court, which has jurisdiction under 28 U.S.C. § 1291.

At appellant's trial both Doty and Lee testified for the government and implicated appellant in the arranging and planning of the bank robbery and in driving a getaway car after the robbery. Prior to the trial Lee had made a statement which could be interpreted as exculpating Jack from the bank robbery. Also, during the trial Doty admitted that he had testified falsely concerning the group's activites on the day before

the robbery. However, in their confessions and in their testimony at the trial, Lee and Doty consistently implicated Jack in the robbery. The evidence was clearly sufficient to support the conviction.

Appellant's main contention on appeal is that the Grand Jury indictment under which he was tried and convicted should be declared void. The basis for this claim is that the only testimony before the Grand Jury was that of a government agent whose testimony was hearsay, that such testimony was not recorded, and that no minutes of the Grand Jury proceedings were kept.

The record shows that prior to trial appellant filed motions for a bill of particulars and for discovery and inspection. The motion for discovery and inspection was denied, but the motion for a bill of particulars was partially granted. In the bill of particulars filed by the government appellant was specifically advised that he aided and abetted the commission of the offense charged by participating in the planning and arrangements to rob the bank, that he shared in the proceeds of the bank robbery, and that he assisted and facilitated the escape of the other principals by driving one of the getaway cars after the perpetration of the bank robbery. At the same time the trial judge reminded the government of its duty to give the defense access to all statements it had exculpating Jack. The government then turned over the statement of Lee implying that Jack did not participate in the robbery. The prosecution also turned over the written confessions of Lee and Doty.

After the appellant's trial had commenced and the jury had been impaneled, appellant moved for the production of the Grand Jury transcript and the minutes. When it was shown that there was no transcript of the testimony nor any minutes, and that the testimony before the Grand Jury consisted of the testimony of a federal agent who there testified concerning the confessions which

had been made by both Lee and Doty admitting their participation in the crime and implicating appellant, a motion was then made by appellant to dismiss the indictment on the ground that the indictment was obtained solely by way of hearsay testimony. That motion was denied. When the trial on the merits had been completed, appellant renewed his motion to dismiss, which motion was likewise denied.

The record shows that at the time the government agent testified before the Grand Jury, both Lee and Doty were in custody and had given statements admitting their participation in the crime. These statements clearly implicated the appellant. The agent summarized before the Grand Jury the confessions of Lee and Doty. The government did not produce the statement of Lee in which Lee implied that Jack had not participated in the robbery, nor did any of the other witnesses who testified for the government at the trial testify before the Grand Jury. The appellant contends that such a procedure does not allow the Grand Jury to exercise fully its judgment in bringing an indictment, and that it denies to the defendant the opportunity to impeach witness' trial testimony with their pre-trial statements.

■ There is no merit to appellant's contention that the indictment should be set aside because it was based solely upon hearsay testimony. In Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court held that a defendant may be required to stand trial and a conviction may be sustained where only hearsay evidence is presented to the Grand Jury which indicted him. The Court stated in *Costello,* "Neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act. * * * If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed."

This court has made similar rulings in two recent cases. Johnson v. United States of America, 404 F.2d 1069 decided December 27, 1968, and Wood v. United States of America, 405 F.2d 423 decided December 30, 1968. Furthermore, there is no requirement that Grand Jury proceedings be recorded or transcribed. Loux v. United States, 389 F.2d 911 (9th Cir. 1968). And the government need not produce before the Grand Jury evidence which tends to undermine the credibility of its witnesses, Loraine v. United States, 396 F.2d 335 (9th Cir. 1968). It follows that the indictment in this case was valid.

Appellant makes one further contention of error. During the trial Doty testified as to his activities on the day prior to the bank robbery in question. On the following day Doty was called again to the stand by the prosecution, and in response to questions by the prosecution he admitted that the testimony he had given the previous day concerning the group's activities on the day before the bank robbery were untrue. He admitted that he had been interviewed at the jail after his testimony on the previous day and had told the prosecution that he had made statements that were not true. Doty then testified to what he and Lee and Jack had done the day before the robbery—they had "cased" another bank, but had decided not to rob it.

■ During the course of Doty's redirect examination, the prosecution asked the question, "Have you ever robbed any other banks before these incidents?" An objection was made to this question by appellant, and after considerable argument thereon outside the presence of the jury, the court overruled the objection and Doty answered, "No, sir." Appellant now strenuously contends that this was error and that the prosecution had wrongfully attempted by the question to rehabilitate the witness. We can see no prejudice to the appellant by permitting the question to be answered. It had been brought out before the jury that the witness had told untruths while he was on the witness stand. And Doty, even though his testimony was inconsistent in other respects, never wavered in his implication of Jack in the offense. We cannot see how the answering of this question, even assuming it to be immaterial, would have in any way prejudiced the case of the appellant.

We have examined the entire record and find no merit in appellant's contentions.

Judgment affirmed.