**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus M. ROMERO, Defendant-Appellant.**

**No. 422–70.**

United States Court of Appeals,
Tenth Circuit.

April 13, 1971.

**402**

See also D.C. 302 F.Supp. 1370.

———————

Judd L. Black, Oklahoma City, Okl., filed a brief for defendant-appellant.

William R. Burkett, U. S. Atty., and Givens L. Adams, Asst. U. S. Atty., filed a brief for plaintiff-appellee.

Before CLARK,* Associate Justice, LEWIS, Chief Judge, and ADAMS,** Circuit Judge.

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

PER CURIAM.

The appellant, Jesus M. Romero, stands convicted of having transferred marihuana to a Special Agent of the Bureau of Narcotics and Dangerous Drugs, without a written order form, in violation of 26 U.S.C. § 4742(a). It was stipulated that appellant sold marihuana to the Special Agent, a stranger, who made the purchase in his official capacity and with money belonging to the United States and without an order form.

■ 1. Appellant's contention seems to be that an employee of the government may purchase marihuana with government money without obtaining the written order form and that the seller is excused from meeting the requirements of § 4742(a). The defense is based on certain exceptions stated in 26 U.S.C. § 4742(b) (4) and § 4755(b) (7). We have examined these exceptions and it is obvious that the sale and purchase here would not come therein, since it was made between strangers in a wholly illicit manner and not for the specifically named government agencies or institutions. Indeed, the claim is disposed of adversely to the appellant in United States v. Kellerman, 432 F.2d 371, 374, note 3, (10 Cir. 1970). Also see Briscoe v. United States, 119 U.S.App.D.C. 41, 336 F.2d 960 (D.C.Cir. 1964) and Johnson v. United States, 404 F.2d 1069 (9 Cir. 1968).

■ 2. Appellant also claims error in the court's refusal to issue a certificate requesting remand of the case on the ground of newly discovered evidence found by him after his appeal was perfected and indicating an illegal entrapment. The stipulation provided that it included all of the evidence in the case and appellant asserted that his only defense was that discussed in paragraph one hereof. The stipulation made no reference to entrapment. Moreover, the affidavit itself reveals that the claimed

** Of the Third Circuit, sitting by designation.

evidence was not newly discovered, but was known to the appellant at the very time he committed the offense with which he was charged. In addition, the claim of entrapment would not be available to appellant under the rule announced in Munroe v. United States, 424 F.2d 243, 244 (10 Cir. 1970).

The judgment is, therefore, affirmed.