**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Gary Lee HARTLERODE, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Allan T. JONES, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Joseph S. BURROUGHS, Defendant-Appellant.**

**Nos. 71–3036, 72–1390 and 72–1409.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1972.

Sull Lawrence (argued), Charles M. Berg, Richard G. Sherman, Beverly Hills, Cal., for defendants-appellants.

Darrell W. MacIntyre, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MOORE,* and ELY, Circuit Judges.

BARNES, Circuit Judge:

Three appeals have been consolidated for hearing. Appellants Hartlerode, Jones and Burroughs (together with one Purkis), were charged in a three-count indictment having to do with the smuggling of commercial quantities of marijuana from Mexico to the United States by airplane. All four defendants were charged with conspiracy to smuggle in Count One, all four were charged with

---

* The Honorable Leonard P. Moore, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

smuggling in Count Two, and appellants Burroughs and Hartlerode were charged with transporting marijuana within the United States in Count Three.

The jury's verdict found Jones and Purkis guilty on Counts One and Two, Burroughs guilty on Counts One and Three, and Hartlerode guilty on Count Three alone.

Purkis has not appealed. He was the apparent leading spirit in the conspiracy found by the jury. He rented the aircraft involved in Santa Ana, California; removed all seats except the pilot's and one other; flew the plane to Riverside, California, on December 12, 1970, where he picked up appellant Jones; flew the plane to Laguna Salada, Baja California (where the plane was observed to meet another plane and to transfer objects carried from it to the rented plane). The rented plane was then flown to the desert airport of Hesperia, California, where a camper truck (in which were Burroughs and Hartlerode) had been waiting for 35 to 40 minutes. The camper immediately pulled up to the loaded plane. Marijuana was placed in the camper by the defendants. (Hartlerode admitted placing one bag in the camper.) A helicopter with customs officials on it arrived at the Hesperia airport at this critical time. Purkis and Jones took off in the plane. Burroughs and Hartlerode took off in the camper, which first attempted to run down the helicopter. The helicopter followed the fleeing camper, and finally forced it to stop by firing shots into the engine. While still fleeing, one of the occupants (later described as being Hartlerode) threw or kicked out of the opened rear door of the camper some of the bags containing both packaged and unmanicured marijuana. Some of these bags, at least, were open so that their contents could be seen; and one, at least, had Spanish language printing on one side of it.

## I

Appellant Hartlerode's principal claim is that he should not have been convicted because he had no knowledge the marijuana had been imported into the United States contrary to law. The fact that he denied any such knowledge does not end the matter. He "suspected something was wrong." (R.T. 530–31) Well he might have, for the circumstances here existing give rise to a strong inference that he was a casual, perhaps originally an innocent, but nevertheless, finally, a willing and knowing participant in the criminal act charged; *i. e.*, transporting marijuana in the United States, knowing that the marijuana was smuggled. The jury had the right to draw such an inference from the evidence in the case. Interpreting it as we must on this appeal, in a manner most favorable to the prosecution (Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)), we agree with the jury verdict. We note that the jury did not convict Hartlerode on Count One. This demonstrates the jury carefully assessed the evidence before it.

## II

Appellant Jones raises the alleged insufficiency of evidence to prove he had any part in the conspiracy. His "alibi", offered to prove he was not on the flight to Mexico with Purkis, was contradicted in several important details. Again, the jury apparently simply did not buy his story. He raises other points which we hold have no merit.

## III

Appellant Burroughs does not challenge the sufficiency of the evidence to convict him, for obvious reasons. As the driver of the camper involved, there was clearly sufficient evidence to convict on both Counts One and Two.

Instead, Burroughs claims there were errors in pretrial rulings on (1) a motion to dismiss because of hearsay testimony before the grand jury; and (2) motion for a bill of particulars. Hearsay testimony heard before a grand jury does not invalidate the indictment. Costello v. United States,

350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Jack v. United States, 409 F.2d 522 (9th Cir. 1969). Nor must grand jury testimony be recorded. United States v. Ybarra, 430 F.2d 1230, 1233 (9th Cir. 1970), cert. denied, 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971).

The granting of a bill of particulars is a matter that still remains within the sound judicial discretion of the trial court. Rodella v. United States, 286 F.2d 306, 310 (9th Cir. 1960); cert. denied, 365 U.S. 889, 81 S.Ct. 1042, 6 L. Ed.2d 199 (1961).

We find no error.

Each of the defendant's convictions is affirmed.