Decided June 23, 1989

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH OF THE NORTHERN ) · CRIMINAL CASE NO. 89-43
MARIANA ISLANDS, )
　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　)
　　vs. ) ORDER
　　　　　　　　　　　　　)
TYREE HALL, )
　　　　　　　　　　　　　)
　　　　　　Defendant. )
_____)

Defendant Tyree Hall was charged in the Amended Information with two counts. Count I charges assault with a dangerous weapon in violation of 6 CMC § 1204(a) alleging that defendant "did threaten to cause, attempt to cause or purposely cause bodily injury...." Count II charges criminal mischief in violation of 6 CMC § 1803 alleging that defendant "did knowingly or intentionally cause damage to the property of Thomas Ramangmou...."

After the presentation of all evidence and prior to final argument, the prosecution requested a jury instruction that defendant could be found guilty of the two offenses charged if he aided, abetted, counseled, commanded, induced or

**902**

procured its commission. The prosecutor bases this proposition on 6 CMC § 201 which reads as follows:

> **§ 202. Principals.**
> Every person is punishable as a principal who commits an offense against the Commonwealth or aids, abets, counsels, commands, induces, or procures its commission or who causes an act to be done, which, if directly performed by that person, would be an offense against the Commonwealth. No distinction is made between principals in the first and second degrees, and no distinction is made between the principal and what has heretofore been called an accessory before the fact.

The defendant opposes any instruction on aiding and abetting contending that his guilt cannot be established on the theory of aiding and abetting where the information did not specifically allege that he aided and abetted.

 In reaching its decision on this matter, the court reviewed a number of similar federal cases which turned on an interpretation of 18 U.S.C. § 2(a)[1]/ which is substantially similar to 6 CMC § 201. It is clear from an examination of those cases that it is not necessary for the information to specifically allege aiding and abetting for aiding and abetting instructions to be given. See, Woods v. United States, 405 F.2d 423, 425 (9th Cir.), cert. denied, 395 U.S. 912, 89 S.Ct. 1756

---

[1]/
18 U.S.C. § 2(a) reads:
"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

(1969); United States v. Eddy, 597 F.2d 430, 431 (5th Cir. 1979); United States v. Galiffa, 734 F.2d 306, 312 (7th Cir. 1984); United States v. Cueto, 628 F.2d 1273, 1275-76 (10th Cir. 1980); and United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969). Although these federal cases are not binding on this court, their logic is persuasive.

■ Every person who wilfully participates in the commission of a crime may be found guilty of that offense. Woods v. United States, supra, 405 F.2d at 425. This is true regardless of whether that person is charged as a principal or an aider and abettor.

The case of United States v. Cueto, supra, is instructive here. Cueto was charged with bank robbery and, although neither the word "principal" nor the phrase "aider and abettor" appeared in the indictment, it was clear that he was charged as a principal. At trial, it was the strategy of the defense to attempt to convince the jury that someone other than Cueto was the actual perpetrator of the robbery. The court found that even though the government's theory of the case was that Cueto was the one who robbed the bank, it was proper to give a jury instruction on aiding and abetting. This was because the evidence indicated that Cueto was either a principal, or an aider and abettor who, in law, is deemed to be a principal. Id. at 1275.

In this case there is evidence to indicate that defendant either fired the shots which are the basis for the

**904**

two counts against him or aided another in the commission of these acts by driving the truck from which the shots were fired. Thus, the jury may believe that defendant was the principal or was an aider and abettor. However, it does not make any real difference whether defendant actually pulled the trigger since 6 CMC § 201 makes it clear that there is no distinction between a principal and an aider and abettor who, in law, is deemed to be a principal.

In conclusion, aiding and abetting under 6 CMC § 201 need not be specifically plead and a defendant charged on information for a substantive offense can be convicted as an aider and abettor upon a proper demonstration of proof. If the court determines that the evidence warrants an aiding and abetting instruction, it is immaterial whether 6 CMC § 201 is actually charged in the information.

Dated at Saipan, MP, this 23rd day of June, 1989.

_____
Robert A. Hefner, Presiding Judge