**UNITED STATES of America,
Plaintiff,**

v.

**Edward Keith HOWICK, Defendant.**

**No. CR 99–11–BU–DWM.**

United States District Court,
D. Montana,
Butte Division.

May 8, 2000.

Kris A. McLean, Office of the U.S. Attorney, Missoula, MT, for U.S.

Anthony R. Gallagher, Federal Defenders of Montana—Great Falls Branch, Great Falls, MT, for Edward Keith Howick.

## ORDER

MOLLOY, District Judge.

One aspect of Howick's Rule 29 motion was precipitated by a jury question. During deliberations the jury asked what the phrase "bringing into" meant. They wanted to know if it required physical possession and control, or if it meant that one causes an object to be brought into the United States. Counsel for Howick asked that no further instruction on the meaning of the term be given, so I told the jury to read the instructions already given to them and apply their common sense. They did. In so doing Howick was convicted of Count III of the superseding indictment.

After the jury was discharged I asked counsel to brief the issue. I am convinced after consideration of the question that the statute should not be so narrowly read as to require a "physical" bringing in of the counterfeit or fictitious items. Consequently, for the reasons set forth below I deny Howick's Rule 29 motion with respect to Count III.

*Count III and "Bringing In"*

Count III charged that Howick "did with intent to defraud bring in to the United States" the counterfeit silver certificates that agents found in the Federal Express package, in violation of 18 U.S.C. § 472. As stated above, the jury questioned whether the element "bringing into the United States" required the Government to show that Howick physically transported the certificates into the country.

The Government concedes that there is no evidence that Howick personally transported the certificates across the borders of the United States.

The statute reads as follows:

Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined under this title or imprisoned not more than fifteen years, or both.

18 U.S.C. § 472.

From my review there seems to be only one other case where a defendant was convicted on a charge of "bringing in." I am unable to find a case defining the meaning of the phrase "brings into the United States."

To resolve the issue, it is necessary to start with the language of the statute. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The words "bring in" in the statute must be given their "ordinary or natural" meaning.

The Government argues that requiring it to show that Howick physically brought the certificates into the United States frustrates Congress' intent to criminalize the act of bringing counterfeit currency into the United States. This circular argument sheds no light on Congress' intent. The case cited, *United States v. Caro,* 637 F.2d 869 (2d Cir.1981), does not discuss what the Government is required to show. Moreover, in *Caro,* the defendant had stuffed counterfeit currency into the lining of his suitcase. He physically transported the currency. Although he was convicted of both bringing into the United States and of possessing, there is no information as to whether he moved to dismiss the indictment for multiplicity or to vacate one of the convictions.

The Government also argues that aiding and abetting is always included in an indictment. *See* 18 U.S.C. § 2; *United States v. Kazni,* 576 F.2d 238, 242 n. 8 (9th Cir.1978) (quoting *Wood v. United States,* 405 F.2d 423, 425 (9th Cir.1968)). However, the Government did not prosecute the case on that theory and did not request an instruction on it. Thus, this response does not answer the question.

Howick assumes that the statute is ambiguous and argues that any analysis of the phrase "brings into" must be resolved

in favor of lenity. *See Whalen v. United States*, 445 U.S. 684, 694, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). While it is true that the rule of lenity prohibits expansion of criminal liability beyond the express terms of a statute, the problem here is what the express terms of the statute mean. Howick's argument is helpful only as it relates to the government's suggestion that aiding and abetting, 18 U.S.C. § 2, can be read into the indictment or the statute in question. It can't.

Howick argues that "connotation" gives meaning to the words of the statute and that connotation then implies only the proscription of physically bringing counterfeit obligations into the United States. However, it is context and not connotation that must be considered in ferreting out the meaning of the statute.

In context with "keeps in possession or conceals," the phrase "bringing into" emphasizes a physical component. Congress might have mentioned constructive bringing in or causing something to be brought in, but it did not do so. The cases interpreting the phrase "keeps in possession" do not suggest theories of constructive possession. Moreover, the law in question was promulgated in 1909, before Congress could have imagined the kind of virtually instantaneous communication and express delivery that make it seem obvious to us, in the twenty-first century, that one can actively participate in "bringing in" without leaving one's home.

Drawing an analogy to the Supreme Court's analysis in *Bailey v. United States*, 516 U.S. 137, 144–45, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (analyzing the word "use" as it appears in 18 U.S.C. § 924(c)), a standard dictionary of the English language provides help in construing the statute:

> **bring in** *vt* **1:** to produce by way of profit or return <each sale *brought in* about five dollars> **2** *obs:* to gain an introduction (as to a club) or a place of favor for **3:** to enable (a man on base) to reach home plate (as by a hit) <his two-bagger *brought in* three men and tied the score> **4:** to introduce (as a bill in a legislature or a point into a discussion) <members appointed to prepare and *bring in* the bill—T.E. May> **5:** to report or to lay before a court or other legal body <the jury *brought in* a verdict> <*bring in* a writ of habeas corpus> **6a:** to cause to produce or be productive (as an oil well) **b:** to win tricks with the long cards of (a suit) in whist or bridge **7a:** EARN <he *brings in* a good salary each week> **b:** to finish with (as a score) <the golfer *brought in* a 268 for 72 holes of play>

*Webster's Third New International Dictionary Unabridged* 27 (1986). Because the bill defining the offense was enacted in 1909, it is probably reasonable to consider even the obsolete definition, number 2.

These definitions illustrate a dimension of sponsorship that is excluded by a construction of the phrase that is strictly physical. The first definition of "bring" supports this broader interpretation:

> **1a:** to convey, lead, carry, or cause to come along from one place to another, the direction of movement being toward the place from which the action is being regarded <*brought* home a pretty young wife> <*brought* two ponderous law books to the trial> **b:** to cause to be, move, or act in a special way, as (1): ATTRACT <the trial *brought* a crowd to the courtroom> <the turmoil in the street *brought* householders to their windows> (2): PERSUADE, INDUCE <an argument that *brought* many men to his way of thinking> <he may be *brought* to forgive> <we hope to ~ a speaker before you at the next meeting> (3): FORCE, COMPEL <was *brought* sharply to consider his relations to the political state—V.L. Parrington>; *esp:* to force to go, be, or appear ... (4): to handle, act upon, or treat so that the object is in a particular state or condition or acts in a particular way ....

*Id.*

Though Congress' meaning would have been clearer if it had said "bring into or

cause to be brought in to," or qualified the phrase by requiring the object be "physically" brought into the United States, the dictionary definitions show that causing is typically part of the concept of the word while physical possession is generally not. The various definitions imply action and not possession.

 A consideration in construing the statute besides the bare meaning of the word is its placement and purpose in the statutory scheme. " '[T]he meaning of statutory language, plain or not, depends on context.'" *Brown v. Gardner*, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (citing *King v. St. Vincent's Hospital*, 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991)). Looking past the phrase "brings into," § 472 must be read with the assumption that Congress intended each of its terms to have meaning. Here, there are three operative acts that pertain to false instruments. Criminal liability can be imposed for "bring[ing] into", for "keep[ing] in possession," or "conceal[ing]" false securities or obligations of the United States. Nothing suggests that these terms are intended by Congress to be redundant. Presumably the Congress used the three distinct phrases because it intended each to have a particular, nonsuperfluous meaning. Implying a physical component as a necessary element of the first proscription would cause contextual confusion in the meaning of possession which does not necessarily have a physical component. A person can have actual or constructive possession and sole as well as joint possession. *See United States v. Terry*, 911 F.2d 272, 280 (9th Cir.1990). A narrow reading of the statute renders certain language superfluous. Physically bringing in would also require physical possession. By reading the statute giving it the plain meaning of "bring," each separate act has meaning that does not render other parts of the statute superfluous.

Most importantly, the jury initiated the question of the meaning of "bring in," and all twelve of them must have agreed that the common-sense definition extended to causing something to be brought in.

For these reasons, I conclude that "bring in" includes causing something to be brought in. The evidence was sufficient to support a finding that Howick requested shipment of the silver certificates found by agents in the Federal Express package and delivered to Howick on October 5, 1999. Consequently, Howick's Rule 29 motion must be denied as to Count III.

Accordingly, IT IS HEREBY ORDERED that Howick's Rule 29 motion with respect to Count III of the Indictment (dkt # 68) is DENIED.