No. 21299.

Widefield Homes, Inc., a Colorado corporation *v.*
Victor D. Griego, a minor, by his next friend,
Adolph J. Griego.
(416 P.2d 865)

Decided July 11, 1966.

226

Wormwood, O'Dell and Wolvington, Richard W. Laugesen, Jr., for plaintiff in error.

Robert W. Johnson and Robert M. Isaac, for defendant in error.

*In Department.*

Per Curiam.

Defendant in error, Victor D. Griego, age 14, hereinafter called Victor, brought an action in the district court to recover damages which he alleged were caused as a result of the negligence of the plaintiff in error, Widefield Homes, Inc., hereinafter called the defendant. A trial was had to a jury. At the close of the plaintiff's evidence, defendant moved for dismissal on the ground that there was no showing that the negligence of the defendant, if any, was the proximate cause of the alleged injury. The court reserved ruling on the motion to dismiss. Again, at the close of the defendant's evidence, the defendant moved for a directed verdict on the same ground. Both motions were denied and the case was submitted to the jury, which found for Victor. The defendant seeks to reverse the judgment, contending that, as a matter of law, the trial court should have dismissed the action.

The testimony shows that on May 4, 1963, about 4:15 P.M., Victor was riding his bicycle down Widefield Boulevard. This area, south of Colorado Springs, had

been developed by the defendant and the roads had been surfaced and dedicated to public use. In March of 1963, defendant constructed a concrete water drainage facility across this street and covered the drain with an iron grill. The grill was forty-two inches wide and extended across the full width of the road.

Victor had just visited a service station to put air in the tires. He testified that he was proceeding along the roadway about three to four feet out from the curb; that he was going an estimated fifteen miles per hour; and that he was watching the roadway about twenty feet ahead of him. He recalled seeing the grate ahead; he did not, however, remember any other facts until he was being taken to the hospital. A neighbor, who found Victor lying in the street south of the drain culvert, described Victor as being bloodied up, bruised and dazed. The boy had apparently crossed over the drain culvert and was found ten to twelve feet beyond it and ten feet out from the curb. Although the front wheel was off the bicycle, it was, nevertheless, not bent. The fork which holds the front wheel, however, was bent backward.

At about 6:00 P.M., on that same day, Victor returned to the scene of the accident with his mother. There they found a spot of blood which Victor thought was the place where he had fallen. A few days later several pictures of the scene were taken. These photos are included in the record as exhibits. One of these pictures indicates that the drain cover extended one and one-half inches above the level of the pavement at a point approximately ten feet from the curb.

In *O'Connor v. Boulder Sanitarium Assn.*, 107 Colo. 290, 111 P.2d 633, this Court stated that where "the record is devoid of evidence showing a probability of proximate cause, the question becomes one of law for the court." Our evaluation of the evidence in this case leads us to the conclusion that the court, as a matter of law, should have dismissed the plaintiff's complaint because the plaintiff's evidence, viewed in its best light,

was not sufficient to make a prima facie case. That the raised grate was the proximate cause of Victor's fall was, under this record, only mere possibility and speculation and such cannot be the basis for a jury verdict. *Polz v. Donnelly,* 121 Colo. 95, 213 P.2d 385.

In this case, no witness saw the accident occur. Moreover, the plaintiff was unable to testify specifically that the grate covering the drain caused him to fall. It is a matter of common knowledge that boys occasionally do fall from bicycles. The photographs in evidence show debris and other objects near the curb where the plaintiff says he was riding prior to his fall. There is also the following cogent evidence in the record: that new tires had been installed on the bicycle a short time before the accident; that to install the front tire, it is only necessary to loosen the axle from the fork; that the plaintiff, himself, had tightened the lock nuts on the axle when the tires were changed; and that the front wheel will drop from the fork if the axle is loose. The exhibit showing a one and one-half inch rise of the grate above the pavement was made at least ten feet out from the curb; and whether this same condition exists nearer the curb was not shown. In order to make out a prima facie case, the plaintiff's proof was required to show that the alleged defective construction of the drain cover was, to say the least, the *probable* cause of plaintiff's injuries; in this case, however, it is only one of several *possible* causes. We have heretofore held that where the state of the record is sufficient to establish only a possible connection between an act or condition and a result, it is not sufficient in law to impose liability. We cannot affirm a judgment based upon mere possibilities as the law deals only in probability and reasonably established fact. *Mosko v. Walton,* 144 Colo. 602, 358 P.2d 49.

Accordingly, we conclude that this case should not have been submitted to the jury but should have been dismissed by the trial court.

The judgment is reversed and the cause remanded with directions to the trial court to dismiss the complaint.

MR. JUSTICE FRANTZ, MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.