No. 21312.

CARL R. DILTS *v.* ROBERT FRANCIS BAKER AND
AMERICAN OIL COMPANY.
(427 P.2d 882)

Decided May 22, 1967.     Rehearing denied June 12, 1967.

GEORGE A. HINSHAW, MYRICK, SMITH, CRISWELL & BRANNEY, for plaintiff in error.

WOOD, RIS & HAMES, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE parties appear here in the same order as in the trial court and will herein be referred to as plaintiff and defendants.

The issues to be determined on this writ of error involve the propriety, under the evidence of this case, of not withdrawing from jury consideration the affirmative defense of contributory negligence in a "rear-end" type of collision, and of not directing a verdict for plaintiff on defendants' liability.

Plaintiff was injured when the pickup truck in which he was a passenger was struck in the rear by a tank truck owned by the defendant American Oil Company and driven by its employee defendant Baker. The impact occurred on U.S. Highway 85 in Adams County at a point approximately ninety feet north of a signal light intersection. Prior to the time of impact, northbound traffic, including the subject vehicles, were stopped at

the signal light. In front of the pickup truck was a 1961 Chevrolet automobile and behind the pickup was the defendants' tank truck. When the signal light changed to green, the traffic proceeded through the intersection beyond which the 1961 Chevrolet stopped for a reason not shown in the evidence. Cunningham, the driver of the pickup and the plaintiff both testified the pickup was brought to a stop behind the 1961 Chevrolet and that no contact was made therewith. The pickup truck left approximately nineteen feet of skid marks according to the investigating officer. It was then struck from the rear by the tank truck which left approximately forty-one feet of skid marks. The 1961 Chevrolet left the scene. On cross examination, defendant Baker testified that he believed that at the time of impact, the pickup may have been still moving forward. Also, he testified that his visibility was not impaired in any way; that he observed the brake light on the pickup flash on; that he was traveling about twenty miles per hour before applying brakes; and that he was approximately thirty feet behind the pickup just prior to applying brakes.

The alleged personal injuries of the plaintiff were sustained while he was recovering from the floor of the pickup a thermos bottle which had rolled off the seat when the brakes of the pickup were applied.

There was unexplained damage to the left front fender and bumper of the pickup which driver Cunningham conjectured must have occurred as a result of the tank truck picking up and tipping the pickup truck into the pavement.

At the conclusion of all the evidence, the plaintiff moved for withdrawal of the issue of the plaintiff's contributory negligence, and for a directed verdict on the question of defendants' liability. Both motions were denied by the trial court.

The foregoing represents essentially the fact situation which is undisputed by the parties. This case, which was tried to a jury, resulted in a verdict for the de-

fendants upon which the court entered its judgment and dismissed plaintiff's complaint.

The plaintiff's main assignment of error is that the trial court, on the plaintiff's motion, refused to withdraw the issue of contributory negligence from the jury's consideration.

We have carefully examined the record on error and fail to discover a single point of evidence upon which the trial court could have properly submitted the issue of contributory negligence to the jury for its deliberation. The only possibility of an issue relating to contributory negligence concerns the damage to the left front fender of the pickup truck. The defendants maintain that this front end damage to the pickup truck formulated an issue of fact for the jury to determine whether or not the driver of the pickup truck was contributorily negligent, on the supposition that the pickup collided with the rear of the 1961 Chevrolet. We do not agree with this contention of the defendants as there was no evidence to support it. On the other hand, there were several items of evidence which tended to show that there was no impact at any time between the pickup and the rear of the 1961 Chevrolet, which, it could be inferred, left the scene of the accident because it was not hit. Considered in its best light, this front end damage to the pickup creates only a possibility of some contact between the 1961 Chevrolet and the pickup. Such a possibility standing alone is insufficient to constitute a disputed issue of contributory negligence for jury determination. Where, as in this case, the evidence raises only the possibility of the occurrence of an event, the jury has no real evidentiary foundation for determining that the event occurred; and if it did, whether or not the event indicated contributory negligence. *Russell v. Phillips*, 121 Colo. 342, 216 P.2d 424; *Coakley v. Hayes*, 121 Colo. 303, 215 P.2d 901; *Polz v. Donnelly*, 121 Colo. 95, 213 P.2d 385. Also, this court in the recent case of *Widefield Homes, Inc. v. Griego*, 160

Colo. 225, 416 P.2d 365, in commenting on evidence that merely creates a possibility of an issue, stated:

"We have heretofore held that where the state of the record is sufficient to establish only a possible connection between an act or condition and a result, it is not sufficient in law to impose liability. We cannot affirm a judgment based upon mere possibilities as the law deals only in probability and reasonably established fact. Mosko v. Walton, 144 Colo. 602, 358 P.2d 49."

The defendants also argue that the recent case of *Gaulin v. Templin,* 162 Colo. 55, 424 P.2d 377 supports their contention that contributory negligence was properly submitted to the jury. *Gaulin* is clearly distinguishable. In that case the issue of contributory negligence in a "rear-end" type collision was submitted to the jury on the basis of evidence in the record that the plaintiff made a sudden and abrupt stop which may have been unwarranted under the circumstances of that case. The instant record on error is devoid of any such evidence.

We therefore hold that the trial court erred in its ruling which permitted the issue of contributory negligence to go to the jury.

■■ Secondarily, the plaintiff assigns as error the refusal of the trial court to direct a verdict for plaintiff on the defendants' liability. Based upon the facts and circumstances of this case, we also disagree with the trial court's decision in this respect. The mere happening of a "rear-end" type of accident does not, as a matter of law, create liability; however, where there is evidence of the occurrence of such an accident accompanied by prima facie evidence of the defendants' negligence, and the evidence also reveals no facts showing negligence on the part of the plaintiff, and no facts which would tend to absolve the defendants of negligence, a directed verdict on the question of defendants' negligence, as a matter of law, is compelling. The evidence, postured on this basis, is devoid of any disputed material facts upon which a jury may deliberate as to

the negligence of the defendants. The evidence of this case, as shown in the record on error, comes within this category, and therefore the trial court should have granted the plaintiff's motion for a directed verdict on the defendants' liability.

This court in numerous decisions has overthrown jury verdicts or sustained directed verdicts by applying the principles of law stated in the foregoing paragraph. These principles and rules of law are elementary and therefore we deem it unnecessary to encumber this opinion with further discussion and citation of cases.

The jury's verdict and the judgment of the trial court are reversed, and this case is remanded for a new trial on the sole issue of damages.

The judgment is reversed and the cause is remanded for a new trial consonant with the views expressed herein.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.