Quintin LITTLE, Plaintiff-Appellant,

v.

TEXACO, INC., Defendant-Appellee.

No. 71-1209.

United States Court of Appeals, Tenth Circuit.

Feb. 22, 1972.

George N. Otey, Ardmore, Okl. (Otey & Evans, Ardmore, Okl. of counsel, on the brief), for plaintiff-appellant.

Elmer W. Adams, Tulsa, Okl. (Philip R. Wimbish, Tulsa, Okl. on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a diversity suit in which the plaintiff-appellant sought to cancel an oil

and gas lease on one of two 100 acre tracts in Love County, Oklahoma. The cause was removed by defendant-appellee to the United States District Court for the Eastern District of Oklahoma. Appellant moved for summary judgment as did Texaco, the appellee. The latter motion was granted and the court dismissed the action.

■ The suit started out as a cancellation action in which the petitioner sought to void the lease, alleging breach of implied covenants to further develop and to prevent drainage. Texaco denied the breach and alleged affirmatively a lease provision which prohibited cancellation even for breach of a lease obligation. Appellant thereupon abandoned his claim that Texaco had violated the implied covenants to further develop and to prevent drainage. His motion for summary judgment was based solely on his contention that the invoking of the non-cancellation provision constituted in law an admission that Texaco had violated the lease, whereby he was entitled to damages in the amount of $17,500.00, the value of the lease to Texaco on the second tract. Judge Langley could find no merit in appellant's contention and dismissed the action. We agree with this holding and affirm the judgment.

The clause in controversy provides:

The breach by Lessee of any obligation hereunder shall not work a forfeiture or termination, in whole or in part, of this lease.

Texaco has at every turn in these proceedings emphatically denied the commission of any breach, but this has not deterred appellant in the least. He continues to argue the point notwithstanding that the lease does not contain an express damage provision for invoking the above clause, and despite the fact that Texaco paid $70,000.00 for the lease, some part of which was presumably paid for this provision.

■ An answer may contain inconsistent defenses, and a defendant is at liberty to deny and at the same time advance an affirmative defense. Rule 8(e) (2) Federal Rules of Civil Procedure.[1] Elgin Corporation v. Atlas Building Products Company, 251 F.2d 7, 9, 10 (10th Cir. 1958). Professor Moore points out that the pleading of inconsistent defenses was permissible at common law.[2]

■ It follows that one does not plead an inconsistent defense at his peril. He does not thereby run the risk of being held to have unwittingly pleaded himself into a $17,500.00 judgment.

We noted above that the appellant made no effort to prove a breach of implied covenants in accordance with the applicable Oklahoma law.[3] Presumably he did not have evidence to establish that the defendant did not come up to the standard of a prudent operator in like circumstances.[4]

The cause is wholly lacking in merit, and the district court was correct in granting summary judgment. Its judgment is affirmed.

1. "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal, equitable or maritime grounds."

2. "Inconsistent defenses may also be pleaded. This was the rule at common law under the statute of Anne, and although there was some difficulty on the point in early decisions under the codes, the modern decisions are in accord with Rule 8(e) (2).
2A Moore's Federal Practice 1891 ¶ 8.32.

3. See Wilcox v. Ryndak, 174 Okl. 24, 49 P.2d 733, 736 (1935); Sunray Mid-Continent Oil Company v. McDaniel, 361 P.2d 683, 685 (Okl.1961); Townsend v. Creekmore-Rooney Co., 358 P.2d 1103, 1104 (Okl.1960); Jordan v. Texaco, Inc., 297 F.Supp. 1140, 1142 (W.D.Okl.1969); Spiller v. Massey & Moore, 406 P.2d 467, 471–472 (Okl.1965).

4. Wilcox v. Ryndak, supra; Chenoweth v. Pan-American Petroleum Corporation, 314 F.2d 63, 66 (10th Cir. 1963).