**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**German Fidel CUETO,
Defendant-Appellant.**

No. 79–1365.

United States Court of Appeals,
Tenth Circuit.

Argued June 10, 1980.
Decided Aug. 15, 1980.

John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl. (Larry D. Patton, U.S. Atty., Oklahoma City, Okl., with him on brief), for plaintiff-appellee.

Earl E. Boyd of Stilz, Boyd, Levine & Handzlik, Los Angeles, Cal., for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a one count indictment German Fidel Cueto was charged with taking from one Marilyn Sue Wallace by force and intimidation certain money belonging to Northwest Bank in Oklahoma City, Oklahoma, a federally insured bank. It was further alleged in the same count that in so doing Cueto put the life of Mrs. Wallace in jeopardy by the use of a dangerous device, namely, a bomb, all in violation of 18 U.S.C. § 2113(a) and (d). To that charge Cueto pleaded not guilty, and a jury trial ensued.

At the conclusion of the presentation of evidence the trial court dismissed that part of the indictment which charged Cueto with putting the life of Mrs. Wallace in jeopardy by use of a bomb. 18 U.S.C. § 2113(d). The jury, however, returned a guilty verdict on the bank robbery charge. 18 U.S.C. § 2113(a). Cueto was sentenced to imprisonment for a term of 15 years, and he now appeals the sentence thus imposed. We affirm.

Cueto was charged with bank robbery in the language of the statute. 18 U.S.C. § 2113(a) and (d). Although neither the word "principal" nor the phrase "aider and abettor" appeared in the indictment, it is agreed that he was charged as a principal. It was the Government's theory of the case that Cueto was the one who actually robbed the bank employee, and that he was aided in his efforts by one Frank Bavosa, who drove the getaway car which had been parked a block or two away while the robbery was in progress. It was the defendant's theory of the case that this was a case of mistaken identity, and that Frank Bavosa was the actual robber, and that Cueto was not himself at the scene of the robbery. To that end it was defense counsel's trial strategy to attempt to shake the bank teller's identification of Cueto as the robber, and to discredit Bavosa, who testified that Cueto robbed the bank and that he (Bavosa) had only aided Cueto.

At the conclusion of all the evidence, the trial court, at the request of the prosecution and over objection of defense counsel, instructed the jury that he who aids and abets in the commission of a crime is deemed in law to be a principal. During the course of its deliberations the jury asked for further instruction on the definition of a principal and an aider and abettor. Such was given. The foreman of the jury then asked whether an aider and abettor, "who did not actually rob the bank," would

be guilty as a principal. The trial court answered, "Yes, he would."

As indicated, the jury thereafter returned a verdict finding Cueto guilty as charged in the indictment. On appeal, the principal ground urged for reversal relates to the giving of an instruction defining an aider and abettor. Defense counsel states that the Government proceeded on the premise that Cueto was the principal in the robbery and, after all the evidence was in, switched theories and proceeded on an aider and abettor basis. Counsel says such constituted an improper variance from the indictment and misled counsel to the end that he was not fully advised as to the exact nature of the charge against his client. In this same vein, counsel also suggests that there is insufficient evidence to support a conviction for aiding and abetting. We do not perceive the confusion which defense counsel claims existed.

As indicated, the evidence tying Cueto into the bank robbery came entirely from Mrs. Wallace, the bank teller, and Frank Bavosa, an accomplice. Mrs. Wallace identified Cueto both out of court and in court as the robber. Frank Bavosa testified that Cueto robbed the bank while he sat in the getaway car parked a couple of blocks away from the bank. Bavosa also testified that a day or so before the robbery he and Cueto had driven to Oklahoma City, Oklahoma, from Omaha, Nebraska, where they picked out a drive-in bank to rob. In preparation for the robbery, they stole an automobile which was later used in the robbery and then abandoned. Also, the two of them purchased materials which they used to make a fake bomb which was later used in the robbery.

Although Cueto did not testify at trial, it was the strategy of defense counsel to attempt to convince the jury that it was in fact Bavosa—not Cueto—who was the actual perpetrator of the robbery. To that end, defense counsel, by vigorous cross-examination, tried to shake Mrs. Wallace in her identification of Cueto. He also attempted to discredit Bavosa by suggesting that he was prejuring himself, in return for

Government favors, by testifying that Cueto robbed the bank, when in truth he was the robber.

Even though the Government's theory of the case was that Cueto, and not Bavosa, was the one who actually robbed the bank, it was nevertheless, under the circumstances, quite proper to give the jury an instruction on aiding and abetting. Conceivably, the jury or individual members thereof, could have believed that Mrs. Wallace was mistaken in her identification of Cueto, and that Bavosa lied when he testified that Cueto robbed the bank. However, even assuming such to be the case, there was still ample evidence to support a conviction of Cueto as an aider and abettor. As mentioned above, Bavosa testified as to Cueto's preparations for the robbery, namely, stealing a car and making a fake bomb. Additionally, if the jury believed that it was Bavosa who robbed the bank, the evidence was such as to permit the inference that it was Cueto then who drove the getaway car. Under the evidence, Cueto was either a principal, or an aider and abettor who, in law, is deemed to be a principal. The fact, if it be a fact, that the jury did not believe Bavosa when he testified that it was Cueto who robbed the bank, does not mean the jury necessarily did not believe *any* of his testimony. Such does not follow. A jury may believe a part of a witness' testimony, and disbelieve other parts. *United States v. Parr,* 516 F.2d 458, 464 (5th Cir.1975). In short, the record amply supports a conviction regardless of whether the jury believed Cueto to be guilty as the principal or as an aider and abettor.

We fail also to perceive how defense counsel was misled as to the nature of the charge. In the language of the statute, Cueto was charged with robbing a bank. True, defense counsel did not know prior to trial whether the Government was proceeding on the theory that Cueto was a principal, or an aider and abettor. Once the trial started, it was apparent that the Government was proceeding on the premise that Cueto was the principal. Defense counsel attempted to create the impression in the

minds of the jury that Bavosa himself robbed the bank, although there was no testimony supporting such suggestion. Any "confusion" was created by defense counsel in his understandable, and perfectly proper, efforts to create a reasonable doubt in the minds of some, if not all, of the jury as to who was the actual robber. And, as has been referred to above, it didn't make any real difference whether Cueto was the actual robber, or not. If the jury believed Mrs. Wallace and Bavosa, then Cueto was guilty as a principal. If the jury disbelieved Mrs. Wallace's identification and Bavosa's testimony that Cueto robbed the bank, there was ample other evidence, admittedly coming in the main from the same Frank Bavosa, to support a guilty verdict on the basis that Cueto was an aider and abettor.

■ The remaining grounds for reversal need only limited comment. Counsel argues that there was a failure on the part of the prosecuting attorney to produce prior to trial certain exculpatory material. The material was produced and used at trial. It consisted of a photospread which included a photograph of Bavosa, an FBI facial identification sheet, an artist's conception of the robber, an FBI facial identification catalogue and an FBI flyer. This material, according to counsel, would have supported his basic theory that Bavosa robbed the bank, and in that regard would demonstrate that Mrs. Wallace's description of the robber actually fit Bavosa, and not Cueto. On the basis of this alleged misconduct on the part of the prosecuting attorney, defense counsel asked the trial court to either dismiss the indictment or suppress the testimony of Mrs. Wallace. The trial court denied this request, and in so doing did not abuse its discretion. Whether the material was in fact exculpatory in nature is very debatable. Like the trial court, we fail to perceive any willful withholding of exculpatory material as would justify the extreme sanction of dismissing the indictment or suppressing the testimony of Mrs. Wallace.

■ Counsel also claims the trial court erred in refusing to give an instruction which related to how the jury should evaluate eyewitness identification. The tendered instruction is referred to as the *Telfaire* instruction. *United States v. Telfaire*, 469 F.2d 552, 558 (D.C.Cir.1972). Courts have held, however, that it is not error to refuse to give a *Telfaire* instruction where the Government's case does not hang on a single eyewitness, and where there is in fact corroborating evidence. *United States v. Masterson*, 529 F.2d 30 (9th Cir.), *cert. denied*, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976). In the instant case, we have, in a real sense, *two* eyewitnesses, as well as other corroborating evidence. In any event, the giving of jury instructions on identification rests largely within the discretion of the trial judge. *United States v. Collins*, 559 F.2d 561 (9th Cir.), *cert. denied*, 434 U.S. 907, 98 S.Ct. 309, 54 L.Ed.2d 195 (1977). The instructions, considered as a whole, are adequate.

Judgment affirmed.