■ RITA WASSERMAN et al., Appellants, v RAYMOND WONG et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Burke, J.), entered February 5, 1990, which, upon granting

the defendants' motion for judgment as a matter of law, made at the close of the evidence, at a jury trial, is in favor of the defendants and against them dismissing the complaint.

Ordered that the order and judgment is reversed, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

At the close of the evidence at a jury trial, the defendants moved for judgment as a matter of law. The trial court initially ruled against them and denied their motion. The jury returned a verdict in favor of the plaintiffs, and the degree of the plaintiff Rita Wasserman's comparative fault was fixed by the jury at 15%. Thereafter, the trial court issued a written decision dated December 18, 1989, vacating its prior ruling, and granting the defendants judgment as a matter of law. The plaintiffs now appeal from the order and judgment entered thereon. We reverse.

The trial court, in its decision granting the defendants' motion, summarized the evidence as follows: "The evidence shows, essentially, that the plaintiff, headed in an easterly direction on Union Turnpike * * * approached the intersection of Lakeville Road and came to a stop in the left turn lane, intending to make such turn in order to proceed north on Lakeville Road. After waiting in that position * * * she then proceeded to make her turn and was in the process of doing so when the right side of her vehicle was struck by a vehicle owned by the defendant Lee and operated by the defendant Wong which was proceeding in a westerly direction on Union Turnpike at a speed of not greater than 25 MPH".

In its decision, the trial court also found that, at the time of the collision, the traffic signal which controlled the intersection was displaying a green light in favor of both eastbound and westbound traffic. The trial court also noted that the plaintiff Rita Wasserman testified that she did not see Mr. Lee's vehicle until "a second" before it collided with hers.

Pursuant to CPLR 4404 (a), the trial court "may set aside a verdict and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action where the verdict is contrary to the weight of the evidence". In the present case, the trial court, in granting the defendants judgment as a matter of law, explicitly found that there was "no rational basis [upon] which the jury could properly [have concluded] that the defendant was negligent to any degree" (Grillias v D'Arrigo Bros. Co., 144 AD2d 638; Lipsius v White, 91 AD2d 271; see also, Cohen v

*Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

A jury may believe or disbelieve the testimony of a witness, or believe portions of the testimony and disbelieve others. It is conceivable that the jury disbelieved every word uttered by Raymond Wong, who testified for the defense, or that it believed only selected parts of his testimony. It is thus possible, for example, that the jury discredited Mr. Wong's testimony with respect to the speed at which he was operating the vehicle at the relevant times, and that the jury determined, based upon other evidence relating to the dynamics of the accident, that Mr. Wong was in fact proceeding at a rate of speed which could be considered excessive under all the circumstances, or that his operation of the vehicle was otherwise negligent. Thus, this case involves issues of credibility, and whether the jury's verdict was against the weight of the credible evidence.

The plaintiffs seek the reinstatement of the jury's verdict, which attributed 85% of the fault in the happening of accident to the defendants. The trial court should not have granted judgment to the defendants as a matter of law. The verdict in favor of the plaintiffs was "contrary to the weight of the evidence" (CPLR 4404 [a]). Therefore, a new trial is warranted pursuant to CPLR 4404 (a).

While it appears to us that a rational jury could have found Raymond Wong negligent in some respect, for the reasons outlined above, it is equally true that a rational jury could have found him to be free of negligence. The same cannot be said for the plaintiff Rita Wasserman, who, by her own admission, failed to "yield the right of way to other traffic lawfully within the intersection [of Union Turnpike and Lakeville Road]" (Vehicle and Traffic Law § 1111 [a] [1]; *see also,* Vehicle and Traffic Law § 1141). The plaintiff Rita Wasserman apparently violated a statute designed to avoid just the sort of accident which took place here, and thus may have been negligent as a matter of law *(Hardy v Sicuranza,* 133 AD2d 138; *Montanez v Manhattan & Bronx Surface Tr. Operating Auth.,* 139 AD2d 411; *McConnell v Nabozny,* 110 AD2d 1060; PJI2d 2:25, 2:26).

In sum, since the jury's apportionment of fault in the happening of the accident was against the weight of the evidence, the proper remedy is to grant a new trial (CPLR 4404 [a]; *Nicastro v Park,* 113 AD2d 129, *supra).* Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.