Clifford R. MORGAN and Gladys Morgan, Plaintiffs–Appellees,

v.

BOARD OF WATER WORKS OF PUEBLO, a governmental entity, Defendant–Appellant.

No. 91CA0540.

Colorado Court of Appeals, Div. V.

July 30, 1992.

Rehearing Denied Aug. 27, 1992.

Haddon, Mogan & Foreman, P.C., Norman R. Mueller, Ty Gee, Denver, Morrisard & Rossi, John H. Inderwish, Aurora, for plaintiffs-appellees.

Hall & Evans, Alan Epstein, Mann & Tartaglia, W. Berkeley Mann, Jr., Denver, for defendant-appellant.

Opinion by Judge HUME.

In this personal injury action to recover damages for negligence, defendant, Board of Water Works of Pueblo appeals from the judgment entered upon a jury verdict in favor of plaintiffs, Clifford R. and Gladys Morgan. We affirm.

Plaintiffs were injured on June 1, 1987, when their vehicle struck a water valve cover which was protruding from the surface of a residential street in Pueblo. The jury returned a verdict in plaintiffs' favor, finding that the Board was 75% at fault and that plaintiff Clifford Morgan, the driver, was 25% at fault in causing the accident. The trial court entered judgment in the net amount of $32,197.50 in favor of Clifford R. Morgan and $46,663.28 in favor of Gladys Morgan.

## I.

Relying on *Deason v. Lewis*, 706 P.2d 1283 (Colo.App.1985), and *Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo.App.1980), the Board contends that the trial court erred in denying its motion for judgment notwithstanding the verdict because plaintiffs failed to plead and prove compliance with the notice provisions of the Governmental Immunity Act, § 24–10–109, C.R.S. (1988 Repl. Vol. 10A). This contention is without merit.

When issues not raised by the pleadings are tried by express or implied consent of the parties, they are to be treated in all respects as if they had been raised in the pleadings. C.R.C.P. 15(b).

As pertinent here, § 24–10–109(1), C.R.S. (1988 Repl. Vol. 10A) requires a person claiming to have suffered an injury by a public entity to file a written notice of claim within 180 days after the discovery of the injury. Further, timely written notice in compliance with this section is a jurisdictional prerequisite to any action brought under the Act. *Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990).

Here, although plaintiffs did not allege compliance with the notice provision in their original complaint, the record reflects that they mailed a proper notice of claim in compliance with § 24–10–109 two weeks after the alleged injuries were sustained. Further, it is undisputed that a copy of the notice was admitted into evidence without objection and by stipulation of the Board's counsel. Under these circumstances, where the fact of complying notice was established by the evidence, the trial court properly refused to treat plaintiff's failure to plead such compliance as a jurisdictional bar. *See* C.R.C.P. 8(a) and C.R.C.P. 15(b).

We reject the Board's argument that either *Deason v. Lewis, supra,* or *Jones v. Northeast Durango Water District, supra,* requires a different result. Both cases were decided prior to the 1986 amendments to the Act and are factually distinguishable from the present case. In each of those cases, as opposed to the present one, the plaintiffs admitted that they had not filed timely written notice with the public entity in compliance with § 24–10–109. Thus, any amendment of the pleadings to reflect compliance with the notice requirements was not possible under the admitted facts in those cases.

## II.

The Board also contends that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict because plaintiffs did not establish that the Board had actual or constructive notice of the allegedly dangerous condition. We perceive no error.

A motion for directed verdict based upon the sufficiency of the evidence can be granted only if the evidence, and the legitimate inferences from that evidence, considered in the light most favorable to the non-moving parties, compels the conclusion that reasonable persons could not reach a verdict adverse to the movant. *Romero v. Denver & Rio Grande Western Ry. Co.,* 183 Colo. 32, 514 P.2d 626 (1973); *Herrera v. Gene's Towing,* 827 P.2d 619 (Colo.App.1992). Upon review by this court of the trial court's denial of a directed verdict motion, all evidence and inferences from the evidence must be viewed in

favor of the prevailing party. *Meiter v. Cavanaugh*, 40 Colo.App. 454, 580 P.2d 399 (1978).

The question of constructive notice depends upon the facts and circumstances of each particular case and is ordinarily one to be determined by the jury. *City & County of Denver v. Caton*, 108 Colo. 170, 114 P.2d 553 (1941). Further, although an entity's employees may have been ignorant of the presence of a particular obstruction, if in the exercise of ordinary diligence they should have known of it, they will be deemed to have had notice. *Higgins v. City of Boulder*, 105 Colo. 395, 98 P.2d 996 (1940).

The record contains a pre-trial admission by the Board that the "issue of notice or constructive knowledge is not contested in this case." The stipulation also contains the following language:

> Several of Defendant's employees have indicated that they are aware that it is possible for valve boxes to protrude from the paving surface. This very fact is the reason why there is a program of preventative maintenance and inspection which exists within the Defendant's organization to prevent accidents of this type. Accordingly, the knowledge or notice to the Defendant of the possible occurrence of such conditions generally is not denied and not contested.

In addition, testimony from the Board's employees established that they knew that protruding valve covers above the street were dangerous, that only two employees were assigned to maintain approximately 11,000 valves, and that each valve was inspected approximately once a year.

We conclude that sufficient evidence was presented from which the jury could reasonably determine that the protruding valve cover was a result of the Board's negligent maintenance of the system and that the Board, in the exercise of ordinary care, should have discovered the protruding valve cover. *See* §§ 24-10-106(1)(f) and 24-10-106, C.R.S. (1988 Repl. Vol. 10A). Viewing this evidence in the light most favorable to the plaintiffs and drawing every reasonable inference therefrom, we conclude that the trial court did not err in denying the Board's motions.

## III.

The Board further contends that the trial court erred in admitting, over its objection, evidence of a prior accident which, the Board argues, did not occur under substantially similar circumstances. Again, we perceive no error.

Evidence of prior similar incidents may be admitted if such evidence is offered to establish a material fact, if it is logically relevant and is independent of the inference that the opposing party has bad character, and if its probative value outweighs any unfair prejudice resulting from its admission. *See Munson v. Boettcher & Co.*, 832 P.2d 967 (Colo.App.1991); CRE 404(b). Further, the trial court is afforded substantial discretion in admitting evidence of prior acts, and absent a clear showing of an abuse of discretion, its ruling will not be disturbed. *Southerland v. Argonaut Insurance Co.*, 794 P.2d 1102 (Colo.App. 1990); *People v. Hogan*, 703 P.2d 634 (Colo.App.1985).

Here, notwithstanding its pre-trial admission, the Board was unable to agree with plaintiffs on the terms of a stipulation regarding the Board's knowledge of the fact that valve covers could protrude above the street surface. Thus, the testimony concerning the prior accident was offered solely for the purpose of establishing the Board's knowledge of the potential danger from protruding valve covers, and the jury was given a limiting instruction to that effect. Further, other testimony by the Board's employees established that they knew of the danger created by protruding valve covers above the street surface.

Thus, we conclude that the Board's knowledge of the danger posed by protruding valve box covers was logically relevant to a material fact, was independent of any inference that the Board was of bad character, and had a probative value that outweighed any unfair prejudicial effect. Accordingly, the trial court did not abuse its

discretion in admitting evidence concerning the prior accident. *See Munson v. Boettcher & Co., supra.*

## IV.

The Board also contends that the trial court erred by refusing to submit the issue of Gladys Morgan's comparative negligence to the jury. We disagree.

An instruction should not be given to the jury unless there is evidence introduced to support that instruction. *Converse v. Zinke,* 635 P.2d 882 (Colo. 1981). Thus, when there is no real evidentiary foundation for determining whether an event constituted comparative negligence, that issue should not be submitted to the jury. *See Dilts v. Baker,* 162 Colo. 568, 427 P.2d 882 (1967).

Here, the only evidence relied upon by the Board to show Gladys' Morgan's comparative negligence was her testimony that she had occasionally driven the car prior to the accident and had not had the car's suspension repaired. However, there was no evidence to suggest that, prior to the accident, she had experienced any problems with the operation of the car. Finally, even the Board's expert, who expressed the opinion that the car's suspension was in a "weakened" condition, acknowledged that the accident was caused by the protruding valve box above the surface of the street, rather than by the condition of the car's suspension.

Accordingly, we conclude that the trial court did not err in declining to instruct the jury on the passenger's comparative negligence. *See Sandoval v. Birx,* 767 P.2d 759 (Colo.App.1988).

## V.

The Board's final contention is that the trial court erred in submitting to the jury the issue of plaintiffs' permanent injuries because, according to the Board, the undisputed medical evidence established that their injuries were not permanent. We find no merit in this contention.

Contrary to the Board's argument, medical testimony is not required to establish future pain or permanent injury. If the evidence would sustain an inference that the effects of an injury have persisted for a number of years and that plaintiffs' pain will continue into the future, a jury may infer that the future pain will be permanent. *CeBuzz, Inc. v. Sniderman,* 171 Colo. 246, 466 P.2d 457 (1970).

Here, Gladys Morgan testified that she continued to have severe pain in her neck and upper back and numbness in her right hand at the time of trial, and plaintiff's physician testified that, in his opinion, she was likely to have future symptoms as to her neck injuries. In addition, Clifford Morgan testified that his neck and shoulder pain had continued for three years since the accident, up to and including the time of trial, and that he still had to curtail his activities as a result of the injuries he sustained in the accident.

Accordingly, we conclude that this evidence was sufficient to warrant submission to the jury of the question of the permanent effects of plaintiffs' injuries.

Judgment affirmed.

STERNBERG, C.J., and JONES, J., concur.