Michael GORDON, Petitioner,

v.

Beverly Gay BENSON, Respondent.

No. 95SC255.

Supreme Court of Colorado,
En Banc.

Oct. 15, 1996.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Jennifer L. Drinkwine, Englewood, for Petitioner.

Harshman, McBee & Coffman, Donald L. McBee, Kay Snider Coffman, Grand Junction, for Respondent.

Justice LOHR delivered the Opinion of the Court.

We granted certiorari to review the Colorado Court of Appeals' decision in *Benson v. Gordon*, No. 93CA1857 (Colo.App. Feb. 16, 1995), affirming a judgment for the plaintiff in a negligence action arising from an automobile accident. The court of appeals held that the trial court properly refused the defendant's request that the jury be instructed on comparative negligence. We conclude that the defendant was entitled to such an instruction based on the evidence presented at trial. We therefore reverse the judgment of the court of appeals and remand with directions to order a new trial.

### I.

In April 1991, the plaintiff, Beverly Benson (Benson), and the defendant, Michael Gordon (Gordon), were involved in an automobile accident in Grand Junction, Colorado. Benson brought a negligence action in Mesa County District Court against Gordon, who denied liability and asserted the affirmative defense of comparative negligence.

The testimony at trial presented conflicting versions of the relevant facts. According to Benson, Gordon negligently drove his vehicle and collided with the rear of her automobile while she was stopped at a stop sign at an exit from a parking lot. A passenger in Benson's automobile supported this version of the events.

However, according to Gordon and the witnesses on his behalf, the accident occurred when Gordon's vehicle was stopped at the stop sign behind Benson. This testimony indicated that Gordon pulled up behind Ben-

son and stopped. Benson, in an attempt to turn right to enter the street, advanced past the stop sign and partially into the street to see beyond some trees and parked cars. According to Gordon and the witnesses he presented, Benson was unable to complete the turn, shifted into reverse, and backed into Gordon's stationary vehicle.[1]

After the parties presented all of their evidence, Gordon submitted a proposed comparative negligence instruction, and Gordon's counsel argued to the trial court that the jury could find that neither the plaintiff's witnesses nor the defendant's witnesses were entirely correct but that instead, Gordon's vehicle was moving forward and Benson's automobile was backing up at the time of the collision. The trial court disagreed, ruling that based on the evidence, the accident either was all Gordon's fault or all Benson's fault and that only an unreasonable jury could find otherwise. Because the court could identify no evidence that would support a conclusion by the jury that both parties were negligent, the court refused to instruct the jury on comparative negligence.

The court instructed the jury regarding negligence and directed the jurors to determine whether Benson incurred injuries, whether Gordon was negligent, and whether Gordon's negligence caused any of Benson's injuries.[2] The jury found that Benson did sustain injuries as a result of Gordon's negligence and awarded Benson $352,000.[3]

The court of appeals affirmed the judgment entered on the jury's verdict. The court of appeals held that Gordon did not present any evidence to support the defense of comparative negligence and the trial court therefore properly refused to instruct the jury regarding that defense. In addition, the court of appeals determined that Gordon abandoned the affirmative defense of comparative negligence by failing to present evidence in support of that defense or to argue at trial that he was negligent. We reverse based upon our conclusions that the evidence was sufficient to warrant an instruction on the defense of comparative negligence and that it was not necessary for Gordon to admit negligence in order to be entitled to such an instruction.

## II.

■ Colorado's comparative negligence statute, section 13–21–111, 6A C.R.S. (1987), abrogated the traditional contributory negligence doctrine and in its place substituted a statutory scheme whereby a plaintiff in a negligence action may recover so long as his or her negligence was less than that of the defendant. *Lyons v. Nasby*, 770 P.2d 1250, 1258–59 (Colo.1989). "The purpose of comparative negligence is to ameliorate the harshness of the complete bar resulting from common law contributory negligence." *Montgomery Elevator Co. v. Gordon*, 619 P.2d 66, 70 (Colo.1980). Under section 13–21–111, "the relative degrees of the plaintiff's and defendant's fault must be ascertained to determine whether and what amount of recovery is proper." *Lyons*, 770 P.2d at 1259. The relative degrees of fault are to be determined by a trier of fact except in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference. *Id.* at 1259–60. With these principles in mind, we address the issue of when a trial court must instruct a jury on comparative negligence.

## III.

■ A trial court is obligated to instruct the jury correctly on the law applicable to the case. *Jordan v. Bogner*, 844 P.2d 664, 667 (Colo.1993); *Stephens v. Koch*, 192 Colo.

---

1. The testimony concerning the accident directly conflicted in several other respects, including the number of passengers in Gordon's vehicle and the deportment of the occupants of the two vehicles after the collision. Although this conflicting evidence presented the jury with the need to assess credibility, it is not directly relevant to the issue before us and will not be detailed here.

2. Benson's husband was also a plaintiff at trial and asserted a loss of consortium claim. The jury found in favor of Gordon and against the husband. The husband has not appealed.

3. The jury awarded Benson damages as follows: non-economic loss of $67,000; economic loss of $260,000; and physical impairment of $25,000. The court entered judgment on the verdict and included interest and costs.

531, 533, 561 P.2d 333, 334 (1977). This duty requires the trial court to instruct on a party's theory of the case if it is supported by competent evidence, *Davis v. Cline,* 177 Colo. 204, 208, 493 P.2d 362, 364 (1972), and entitles a party to an instruction embodying the party's theory if there is sufficient evidence in the record to support it, *Federal Ins. Co. v. Public Serv.,* 194 Colo. 107, 112, 570 P.2d 239, 242 (1977).

▮ An instruction to the jury on comparative negligence must be based on competent evidence appearing in the record. *Powell v. City of Ouray,* 32 Colo.App. 44, 49, 507 P.2d 1101, 1105 (1973); *see Safeway Stores, Inc. v. Langdon,* 187 Colo. 425, 428–29, 532 P.2d 337, 339 (1975) (same principle applied to contributory negligence instruction under prior law). The general rule, enunciated in *Powell v. City of Ouray,* is that "comparative negligence rules are applicable only where there is evidence presented which would substantiate a finding that both parties are at fault, and the inability to prove any negligence on the part of plaintiff eliminates the operation of the rule." 32 Colo.App. at 49, 507 P.2d at 1105. Accordingly, it is reversible error to submit the defense of comparative negligence to the jury where there is no evidence to support it. *Morgan v. Board of Water Works,* 837 P.2d 300, 304 (Colo.App. 1992); *see Safeway Stores,* 187 Colo. at 428–29, 532 P.2d at 339 (principle applied to contributory negligence under prior law). Conversely, when the evidence would support a finding that both parties are at fault, the court must instruct the jury on comparative negligence and allow the jury to assess the relative degrees of the parties' fault. *Lyons,* 770 P.2d at 1260. The matter for our determination is whether the evidence in this case supports a comparative negligence instruction.

## IV.

The trial court declined to instruct the jury on comparative negligence. In the court's view, the evidence required the jury to find either that the accident resulted solely from the negligence of Gordon or solely from the negligence of Benson. The court of appeals also adopted this reasoning. We disagree.

By believing part but not all of the testimony of each group of witnesses, the jury could have found that both parties were negligent.

## A.

▮ In evaluating the testimony of a witness, a fact finder is not required to accept or reject the entire testimony. A witness can be correct in remembering one fact and incorrect in remembering another based on factors such as differences in opportunity to perceive and tricks of memory. A witness also may falsify some parts of his or her testimony while otherwise testifying truthfully. It is therefore well established that the fact finder is entitled to accept parts of a witness's testimony and reject other parts. *United States v. Cueto,* 628 F.2d 1273, 1275 (10th Cir.1980) ("A jury may believe a part of a witness' testimony, and disbelieve other parts."); *United States v. Parr,* 516 F.2d 458, 464 (5th Cir.1975) ("a jury may believe only part of a story, and disbelieve another part"); *People v. Wilson,* 838 P.2d 284, 292 (Colo. 1992) (quoting with approval a jury instruction that "[y]ou may believe all of the testimony of a witness, or part of it, or none of it"); *People v. Wood,* 743 P.2d 422, 428 (Colo. 1987) (same); *Maisel v. People,* 166 Colo. 161, 167, 442 P.2d 399, 402 (1968) (jury is entitled "to determine what part of an individual witness's testimony is to be believed and what portion is not to be believed"); *In re Marriage of Bowles,* 916 P.2d 615, 617 (Colo.App.1995) ("finder of fact can believe all, part, or none of a witness' testimony, even if uncontroverted"); *People v. Hood,* 878 P.2d 89, 93 (Colo.App.1994) ("Because separate parts of [a witness's] testimony independently supported conspiracy and complicity, the jury could have believed those parts of the testimony relating to the conspiracy, but rejected the portions relating to defendant's participation in the murder as a complicitor."). Other courts have applied this principle in cases involving defenses based on the plaintiff's negligence. *Conway v. Chemical Leaman Tank Lines, Inc.,* 610 F.2d 360, 367 (5th Cir.1980) (jury has "undoubted power to sift the evidence before it and to believe or disbelieve portions of the testimony of various witnesses (or even of

the same witness) in constructing its own view of what most probably happened"); *Druckenmiller v. Cluff*, 316 Ark. 517, 873 S.W.2d 526, 530 (1994) ("the jury may choose simply to believe a portion of the testimony of each party"); *Wasserman v. Wong*, 181 A.D.2d 672, 581 N.Y.S.2d 221, 223 (N.Y.App. Div.1992) ("A jury may believe or disbelieve the testimony of a witness, or believe portions of the testimony and disbelieve others. It is conceivable that the jury disbelieved every word uttered by [a defense witness], or that it believed only selected parts of his testimony."); *Brown v. Gonzales*, 653 S.W.2d 854, 857 (Tex.Ct.App.1983) ("It is within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony. The jury must also resolve conflicts and inconsistencies in the testimony of any one witness, as well as in the testimony of different witnesses. Jurors may believe one witness and disbelieve another, or believe part of the testimony of a witness and disbelieve any other part.").

### B.

■ In the present case, the jury heard testimony from Benson's witnesses that her automobile was stopped when it was struck from the rear by Gordon's vehicle. The jury also heard testimony from Gordon's witnesses that Gordon's vehicle was stopped when Benson backed her automobile into it. The jury could have credited the testimony of Benson's witnesses that Gordon's vehicle

was in motion at the time of impact while rejecting their testimony that Benson's vehicle was stationary. Similarly, the jury could have believed that Gordon's witnesses were correct that Benson was backing up when the accident occurred but disbelieved their testimony that Gordon's vehicle was stationary at that time. Thus, there was ·evidence from which the jury could have found that both vehicles were in motion at the time of impact and that both drivers were negligent in causing the accident. *See Conway*, 610 F.2d at 364–65.[4] Under this state of the evidence, Gordon was entitled to an instruction on comparative negligence.[5]

In reaching a contrary conclusion, the court of appeals did not consider the possibility that the jury could have believed parts of the testimony of the various witnesses and rejected other parts. The court of appeals relied upon *Safeway Stores*, *Powell*, and *Morgan* in determining that the trial court properly refused to instruct the jury on comparative negligence.

In *Safeway Stores*, the plaintiff was injured when a store employee pushed a shopping cart into the plaintiff as she hesitated in order to glance at a dog food display in the store. Because we concluded that the plaintiff was not negligent for pausing to observe the display, we determined that the trial court erred by submitting a contributory negligence instruction to the jury. *Safeway Stores*, 187 Colo. at 429, 532 P.2d at 339.[6]

---

**4.** *Conway* involved an issue of whether either of two trucks was on the wrong side of the road when their side-view mirrors made contact as the trucks passed each other, going in opposite directions, precipitating a collision. The court held that a jury could find that each truck was on the correct side of the road, notwithstanding that no single witness so testified. The court explained:

> Given the totality of the evidence presented, it was perfectly reasonable for the jury to conclude that neither driver crossed the centerline before the mirrors collided but that each either held his course or angled away when he saw the other truck approach. That neither side found it expedient to take this view of the facts at trial could not prevent the jury from finding the facts as it saw them. As noted above, each party contended and offered evidence that his driver was in his own lane at mirror impact; certainly the jury could have accepted these

contentions while rejecting each party's claims about the location of the other vehicle.

*Conway*, 610 F.2d at 365.

**5.** Additionally, one of Gordon's witnesses testified that Gordon's vehicle was stopped partly ahead of the stop sign when Benson backed up and caused the collision. The jury could have believed Gordon's witnesses that Gordon's vehicle was stopped and Benson's automobile was moving in reverse at the time of the collision and still have found Gordon negligent because he stopped his vehicle partially beyond the stop sign. For this reason as well, although Gordon did not urge it in the trial court, the evidence supported a comparative negligence instruction.

**6.** The events at issue transpired in 1969, before the adoption of the comparative negligence statute. *See Langdon v. Safeway Stores*, 34 Colo.App. 29, 30, 523 P.2d 997, 998–99 (1974), *rev'd*, *Safeway Stores*, 187 Colo. at 427, 430, 532 P.2d at 338, 340.

Similarly, in *Powell,* the plaintiff was a passenger on a legally parked motorcycle. She did not see a jeep as it approached and ultimately struck the motorcycle and injured her. The court of appeals held that the plaintiff's conduct in failing to see the oncoming vehicle did not constitute negligence and therefore did not justify instructing the jury on the defense of comparative negligence. *Powell,* 32 Colo.App. at 49, 507 P.2d at 1105.

In *Morgan,* the plaintiffs were injured when their vehicle struck a water valve cover that protruded from the surface of a residential street. The trial court submitted a comparative negligence instruction to the jury regarding the plaintiff-driver. However, the trial court refused to submit a comparative negligence instruction as to the plaintiff-passenger. 837 P.2d at 304. In refusing such an instruction, the trial court stated that the only evidence relied upon by the defendant to demonstrate that the plaintiff-passenger was comparatively negligent was her testimony that she had occasionally driven the car prior to the accident and had not repaired the car's suspension. *Id.* However, no evidence existed to suggest that the plaintiff-passenger ever experienced any problems with the operation of the car. *Id.* Hence, the court of appeals determined that because there was no evidence to support a finding of negligence on the part of the plaintiff-passenger, the trial court properly refused to instruct the jury on her comparative negligence defense. *Id.*

In each of the cases relied upon by the court of appeals, the court concluded that there was no evidence of negligence on the part of the plaintiff, so a contributory or comparative negligence instruction was not warranted. In contrast, Gordon presented evidence that Benson negligently backed her automobile into Gordon's vehicle. Therefore, the court of appeals erred in relying upon *Safeway Stores, Powell,* and *Morgan* for the proposition that the trial court properly refused Gordon's tendered instruction on the defense of comparative negligence.

## V.

The court of appeals held that Gordon abandoned the comparative negligence defense asserted in his pleadings by failing to present evidence of his own negligence or to argue to the jury that he was negligent. The court of appeals cited no authority for this position, and we do not agree that it is correct.

■ In *Lyons v. Nasby,* we recognized that the jury should determine the relative degrees of the parties' fault except in the clearest of cases "where the facts are undisputed and reasonable minds can draw but one inference." 770 P.2d at 1260; *accord Whitlock v. University of Denver,* 712 P.2d 1072, 1076 (Colo.App.1985), *rev'd on other grounds, University of Denver v. Whitlock,* 744 P.2d 54, 55, 62 (Colo.1987). It follows that a defendant should be permitted to contend that he or she was not negligent but, recognizing the responsibility of the jury to determine relative fault, contend in the alternative that even if found to be negligent, recovery should be denied or reduced under comparative negligence principles because the plaintiff was also at fault.

This conclusion is a logical extension of C.R.C.P. 8(e)(2), our rule of civil procedure that expressly permits parties to plead alternative and inconsistent defenses. That rule provides in relevant part:

A party may set forth two or more statements of a claim *or defense* alternately or hypothetically, either in one count or defense or in separate counts or defenses.... A party may also state as many separate claims *or defenses* as he has regardless of consistency and whether based on legal or on equitable grounds or both.

C.R.C.P. 8(e)(2) (emphasis added). Relying on this rule, we have held that "[a] party can and is encouraged to plead alternative theories." *Super Valu Stores v. District Court,* 906 P.2d 72, 80 (Colo.1995); *accord Montrose v. Smith,* 534 P.2d 1231, 1232 (Colo.App.1975) ("C.R.C.P. 8(e)(2) provides that a party may plead 'as many separate claims or defenses as he has regardless of consistency ....'") (quoting C.R.C.P. 8(e)(2)); *cf. Brister v. A.W.I., Inc.,* 946 F.2d 350, 353 (5th Cir.1991) (defendant denied liability and alternatively asserted comparative negligence in negli-

gence action).[7] We decline to accept the contention that a party must present evidence of his or her own negligence or argue that he or she was negligent in order to avoid a finding of abandonment of a comparative negligence defense.

## VI.

Benson argues that Gordon's counsel made a binding judicial admission, during his argument in support of the tendered instruction on comparative negligence, that no direct evidence existed to support a comparative negligence instruction. In addition, Benson contends that Gordon had to assert comparative negligence in the theory of the case instruction in order to preserve the affirmative defense of comparative negligence. According to Benson, Gordon's failure to object to the theory of the case instruction as written, which made no mention of comparative negligence, constituted a waiver of any right to a comparative negligence instruction. We disagree with both arguments.

"A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo.1986). "Judicial admissions are binding on the party who makes them, are evidence against such party, and may constitute the basis of a verdict." *Larson v. A.T.S.I.*, 859 P.2d 273, 275 (Colo.App.1993). Such admissions need not be written. *Kempter*, 713 P.2d at 1279.

We conclude that the statement made by Gordon's counsel is not a judicial admission. Gordon's counsel argued for the comparative negligence instruction and stated as follows:

> I believe that a jury could draw a reasonable inference, given the fact that there is conflicting testimony, that possibly or even, I guess, probably both sides of the story are not correct and that one vehicle

was moving forward and the other was backing up. And, while nobody has directly testified about that, if the jury disbelieves both sides, the reasonable inference could be drawn that there was comparative negligence here on the part of [Benson]. And, therefore, the comparative negligence instruction should be tendered.

The statement by Gordon's counsel was not a deliberate declaration for the purpose of dispensing with proof of a formal matter about which there was no dispute. To the contrary, this was a statement regarding the facts that were in dispute and how the evidence concerning those facts could be interpreted by a jury. Gordon's counsel simply suggested a possible version of the facts that the jury could choose to believe. He even used words that express uncertainty, such as "possibly" or "probably." Taken in context, counsel's statement that "nobody has directly testified about that" simply recognized that in order to find that both vehicles were in motion at the time of the collision the jury would have to believe parts of various witnesses' testimony and disbelieve other parts, as it had the power to do. *See supra* at 779–780. We are unpersuaded by Benson's judicial admission argument.

We also disagree with Benson's contention that to preserve the affirmative defense of comparative negligence, Gordon had to assert such a defense in the theory of the case instruction and that his failure to object to the theory of the case instruction as written constituted a waiver of any claim that the trial court erred in declining to instruct the jury on comparative negligence. Gordon properly requested the trial court to submit a comparative negligence instruction to the jury. The trial court refused so to instruct the jury and consequently, Gordon was precluded from arguing further for the defense of comparative negligence or asserting it as his theory of the case.

---

7. Fed.R.Civ.P. 8(e)(2) also permits a defendant to plead alternative and inconsistent defenses. *Little v. Texaco, Inc.*, 456 F.2d 219, 220 (10th Cir. 1972) ("[a]n answer may contain inconsistent defenses, and a defendant is at liberty to deny and at the same time to advance an affirmative defense") (citing Fed.R.Civ.P. 8(e)(2)); *accord* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1283 (1990).

## VII.

We hold that Gordon's request for an instruction on comparative negligence was supported by the evidence. Consequently, we reverse the judgment of the court of appeals and remand this case to that court with instructions to return the case to the trial court for a new trial.

KOURLIS, J., dissents and
MULLARKEY, J., joins in the dissent.

### Justice KOURLIS dissenting:

The majority reverses the judgment of the court of appeals, concluding that the defendant, Gordon, was entitled to an instruction on comparative negligence despite the lack of any evidence introduced at trial supporting this theory. Because I believe that every jury verdict must be grounded in fact, not legal argument, I respectfully dissent.

A party is entitled to a jury instruction only when the instruction is supported by the evidence and is consistent with existing law. *Converse v. Zinke*, 635 P.2d 882, 888–89 (Colo.1981); *Morgan v. Board of Water Works*, 837 P.2d 300, 304 (Colo.App.1992). It is error for the trial court to instruct upon a theory or issue of fact not presented by or responsive to the evidence. *Houser v. Eckhardt*, 168 Colo. 226, 230–31, 450 P.2d 664, 667 (1969); *McCaffrey v. Mitchell*, 98 Colo. 467, 472, 56 P.2d 926, 928 (1936).

In the case before us, the two parties submitted evidence on mutually exclusive theories of the case. Both claimed that the other party's negligence was completely responsible for the collision. Gordon presented evidence that he was at a full stop when Benson backed into him, and Benson presented evidence that she was at a full stop when Gordon rear-ended her. No evidence was offered, by cross examination or otherwise, that both parties could have been partially at fault.[1]

The theory of comparative negligence is applicable only when the evidence would substantiate a finding that both parties are partially at fault. *Powell v. City of Ouray*, 32 Colo.App. 44, 49, 507 P.2d 1101, 1105 (1973). In the circumstances presented by the present case, comparative negligence analysis would have required that both cars were moving at the time of the collision. Neither party presented evidence which would support that finding. Hence, the only way a jury could have found comparative negligence would have been to disbelieve both sides of the case, and arrive at a new set of facts showing that both vehicles were moving at the time.

Inferences may be drawn only from facts in evidence; they may not be based on mere speculation, guess, or conjecture as to what might have actually happened. *Tyrrell v. Dobbs Inv. Co.*, 337 F.2d 761, 765 (10th Cir. 1964); *In re People in Interest of R.D.S.*, 183 Colo. 89, 95, 514 P.2d 772, 775 (1973). In *Dilts v. Baker*, 162 Colo. 568, 427 P.2d 882 (1967), the evidence showed that at least three vehicles had passed through an intersection when the front vehicle stopped for an unknown reason. The middle pickup truck stopped and the tank truck behind it then collided into its rear end. The passenger in the pickup truck sued the driver of the tank truck for injuries. The pickup truck sustained unexplained damage to the front bumper and fender. The plaintiff claimed the damage occurred when the pickup truck tipped forward upon impact. The defendant claimed that the damage could support an argument that the pickup truck collided with the front vehicle and the driver of the truck was thus contributorily negligent. We held that the trial court incorrectly allowed the issue of contributory negligence to go before the jury because the defendant presented no evidence to support that theory. *Id.* at 571–72, 427 P.2d at 884–85. Where the evidence raises only the possibility of the occurrence of an event and there is no real evidentiary

---

**1.** During cross examination of defense witnesses, an issue was raised as to whether the defendant's vehicle had stopped in front of the stop sign or behind it. Gordon claims that the jury could have found that he negligently stopped his vehicle in front of the stop sign and that Benson negligently backed her vehicle into his. However, no witness testified that this was what occurred, and furthermore, no guidance was presented to the jury regarding the correct location for stopping at a stop sign.

foundation for determining that such an event occurred, such a possibility alone is insufficient to constitute a disputed issue. *Id.* at 571, 427 P.2d at 884. "We cannot affirm a judgment based upon mere possibilities as the law deals only in probability and reasonably established fact." *Id.* at 572, 427 P.2d at 884 (citing *Widefield Homes, Inc. v. Griego,* 160 Colo. 225, 228, 416 P.2d 365, 367 (1966)).

Additionally, in the case before us, the trial judge's decision to deny an instruction on comparative negligence was based on her determination that there was no evidence upon which a jury could find anything other than an "all or nothing situation" wherein one party was entirely at fault. The trial judge reasoned that a comparative negligence finding would permit the jury to "do anything it wanted." Hence, the trial judge evaluated the evidence and found no support for the giving of the tendered instruction. The trial court is uniquely situated to evaluate evidence, and decisions of the trial court are accordingly afforded deference by this court. If there is any evidence to support a tendered instruction, the trial judge is to give it. On the other hand, if there is no such evidence, the giving of the instruction would be error. *Houser,* 168 Colo. at 230–31, 450 P.2d at 667.

In the present case, the lack of any evidence presented to the jury showing that both cars might have been moving when the collision occurred precludes the jury from making a factual inference to the contrary. To allow a comparative negligence instruction is to invite the jury to disbelieve the evidence presented by both sides and instead devise their own version of the facts. Here, the jurors were invited to disbelieve all of each witness's testimony, leaving no foundation upon which to lay an appropriate verdict.

Jurors are triers, not architects, of fact. The majority decision today uncouples the jury from the facts presented at trial and permits free navigation. Because I believe that such a step, however small, abridges both the role of the trial judge and that of the jury, I dissent from the majority holding that the trial court erred in refusing to allow Gordon an instruction on comparative negligence.

I am authorized to say that Justice MULLARKEY joins in this dissent.