■ KAREN FISHER, Respondent, v VILLAGE OF ILION, Appellant. [691 NYS2d 856] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Kirk, J. (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.

■ DIANNE M. GARRETT, Individually and as Administratrix of the Estate of AMY L. GARRETT, Deceased, Appellant-Respondent, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent-Appellant. [691 NYS2d 804] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion and defendant's cross motion for summary judgment on the ground that there is an issue of fact whether plaintiff's 25-year-old daughter may be deemed a resident of plaintiff's household for purposes of the supplementary uninsured motorists (SUM) endorsement of plaintiff's policy of automobile insurance (*see, Kradjian v American Mfrs. Mut. Ins. Co.*, 206 AD2d 801). Although it is undisputed that plaintiff's daughter resided primarily with her father, there is conflicting evidence whether she also resided with plaintiff within the meaning of the SUM endorsement (*see, Nationwide Ins. Co. v Allstate Ins. Co.*, 181 AD2d 1022). We reject defendant's contention that the daughter's age is a determinative factor inasmuch as the policy has no age restrictions. (Appeals from Order of Supreme Court, Monroe County, VanStrydonck, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.

■ EDNA CHOWANIEC, Respondent, v LYLE N. MORGAN, Appellant and Third-Party Plaintiff-Appellant. STANISLAUS CHOWANIEC, Third-Party Defendant-Respondent. [691 NYS2d 815] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied that part of defendant's motion for summary judgment dismissing the complaint. The testimony of defendant that he did nothing with respect to the operation of his vehicle when he first observed the oncoming third-party defendant's vehicle making a left turn in front of him raises an issue of fact whether defendant exercised reasonable care to avoid a collision (*cf., Wasserman v Wong*, 181 AD2d 672). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.