UNITED STATES of America,

v.

Tyrone WALKER, Defendant.

Crim. No. 93–137.

United States District Court,
District of Columbia.

Sept. 28, 1995.

Leigh A. Kenny, Federal Public Defender for D.C., Washington, DC, for defendant.

Henry Kapp Kopel, U.S. Attorney's Office, Washington, DC, for the U.S.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant Tyrone Walker's motion for a new trial. On June 1, 1995, a jury found Defendant Walker guilty of one count of unlawful possession with intent to distribute five grams or more of cocaine base and aiding and abetting. Defendant Walker now moves for a new trial, asserting three grounds in support of his motion. Defendant alleges (1) that the trial court erred in its jury instruction on aiding and abetting, (2) that the jury foreman gave an inaccurate answer during voir dire, and (3) that the Court improperly allowed hearsay to be admitted into evidence. A hearing was held on September 6, 1995. For the reasons stated below, the Court denies Defendant's motion.[1]

## STANDARD OF REVIEW

### NEW TRIAL

■ The Court may grant a defendant's motion for a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. While the determination as to whether a new trial would be in the interest of justice is left to the Court's sound discretion,[2] the Court should not "set aside the verdict simply because it feels that some other result would be more reasonable. Even where errors occur,

a new trial should be granted only if the moving party has shown that the error was substantial, not harmless, and that the error 'affected the defendant's substantial rights.' *United States v. Johnson,* 769 F.Supp. 389, 395–96 (D.D.C.1991). The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Martinez,* 763 F.2d 1297, 1312–1313 (11th Cir.1985) (citations omitted) (cited with approval in *United States v. Edmonds,* 765 F.Supp. 1112, 1118–1119 (D.D.C.1991)).

## ANALYSIS

### *JURY INSTRUCTION ON AIDING AND ABETTING*

■ Defendant Walker objects to the Court's aiding and abetting instruction on two grounds. First, Defendant Walker asserts the instruction should not have been given at all. The Defendant argues that the prosecution had proceeded at trial under a theory that Mr. Walker and his co-defendant, Mr. Reed, were principals in the drug distribution business, and did not address its aiding and abetting charge until closing argument. There is no prescribed moment in a trial where government counsel is required to address an aiding and abetting charge. So long as evidence has been placed before the jury that supports the charge, it is permissible to address the charge in closing argument.[3] That was the procedure followed in this case.

Second, the Defendant objects to the specific wording of the part of the instruction which read:

It is not necessary that the defendant have had the same intent that the principal offender had when the crime was committed or that he have intended to commit the

---

1. Defendant Walker also renewed his motion for judgment of acquittal. The standard for granting a motion for judgment of acquittal is even more stringent than for granting a motion for a new trial, requiring the Court to affirm the conviction "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Morris,* 977 F.2d 617, 619 (D.C.Cir.1992) (quoting *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84,

61 L.Ed.2d 560). For the reasons stated in this opinion, the Court also denies this motion.

2. *United States v. Dale,* 991 F.2d 819, 838 (D.C.Cir.1993).

3. *See United States v. Cueto,* 628 F.2d 1273 (10th Cir.1980); see also *United States v. Kegler,* 724 F.2d 190 (D.C.Cir.1983); *Gayden v. United States,* 584 A.2d 578 (D.C.1990).

particular crime committed by the principal offender.

The Court finds that the charge was properly given and that the language complained about, when read in the context of the entire aiding and abetting charge, was an accurate statement of the law.

The Defendant claims that the government counsel went too far in its closing argument in stating that aiding and abetting could be found if the Defendant aided and abetted any of the persons found in the crackhouse, even those not charged with any criminal act. The Court reined in government counsel on this point and made it clear to the jury that the aiding and abetting charge could only be sustained if the jury found that Defendant Walker aided and abetted his co-defendant.

■ The Defendant claims that the Court in its charge did not make it clear that, in order for him to be convicted on aiding and abetting, the jury was required to find that the Defendant had the same criminal intent as the principal. This is an overstatement of the law on aiding and abetting. While it is clear that an aider and abettor must have criminal intent, it does not have to be the identical intent of the principal. If the law was otherwise, aiding and abetting would be written out of the statute. An aider and abettor certainly can be held responsible where the aider and abettor intentionally provides substantial assistance to a principal wrongdoer in carrying out one of the specific aspects of the crime.

■ The Court believes its instruction was a correct statement of the law:

To find that the defendant aided and abetted in committing a crime, you must find the defendant knowingly associated himself with the person who committed the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.... It is sufficient if you find beyond a reasonable doubt that the crime

was committed by someone and that the defendant knowingly and intentionally aided and abetted the principal offender in committing the crime.

These instructions required that the jurors could find Mr. Walker guilty only if they found that Mr. Reed, Walker's accomplice and co-defendant, knowingly and intentionally possessed the cocaine base with the specific intent to distribute it, and that Walker specifically intended to aid and abet Reed in his commission of the crime. Thus, the Court finds that the instruction in question was properly given, and that there is no basis for granting Defendant's motion for a new trial.[4]

### *ALLEGED FALSE STATEMENT OF FOREMAN DURING VOIR DIRE*

■ Defendant Walker also seeks a new trial on the grounds that Juror # 1130, Mr. John R. Rogers, failed to respond accurately to the *Ridley* question. At voir dire, the Court asked prospective jurors the following question:

During the past ten years, have any of you, a member of your family or a close friend been the victim of any type of crime whatsoever, a witness to a crime, or accused of a crime, other than a traffic offense?

Although Mr. Rogers, who ultimately served as the foreman, did not respond affirmatively, superior court computer records indicate that he had been charged with a misdemeanor in October, 1984. The Defendant argues that—because Mr. Rogers was not acquitted of the crime until August 1, 1985—he stood accused of a crime within ten years of May, 1995, the date the trial commenced. Based on what Defendant characterizes as a "less than truthful" response, Defendant seeks a new trial or, in the alternative, an evidentiary hearing on this issue.

The Court finds Defendant's claim that the foreman was "dishonest" to be overstated. Arguably, the juror answered the question

---

4. Even if the objected to language should not have been included, the impact of any such error was harmless in view of the fact that the instruction was replete with language requiring the jury to find that the aider/abettor had the specific intent to commit the substantive crime. *See*

*United States v. Childress,* 58 F.3d 693, 709 (D.C.Cir.1995) (holding that an erroneous instruction that conspiracy is a "general intent" crime was harmless error since the instruction clearly informed the jury that a *purposeful* state of mind was required).

truthfully, if somewhat technically. Although Mr. Rogers *stood accused* of a crime within ten years of the voir dire, he had in fact *been accused* of the crime more than ten and one half years before the date of voir dire. In any event, the Court finds that Defendant has provided no evidence to show that the juror intended to deceive the Court. Similarly, the Defendant has been unable to show that the juror's response prejudiced him.

Justice demands that cases must come to an end. This case lasted nearly two weeks, and was tried before attentive jurors. This Court cannot conduct a witchhunt to explain why the jury foreman did not volunteer information. Even if the Court could find some basis to conclude that the juror should have reinterpreted the Court's question to cover this situation, it is clear that the failure to disclose such stale information was, at worse, an honest and insignificant mistake. Accordingly, the Defendant is not entitled to a new trial or an evidentiary hearing.

### ALLEGED ADMISSION OF PREJUDICIAL HEARSAY

■ As his third and final basis for requesting a new trial, Defendant Walker claims that the Court improperly allowed a detective to testify about a statement made by the Defendant's mother on the night of his arrest. In response to a question about why he did not arrest Defendant's mother, whose home was the subject of the search, the detective stated that she had explained "that she had no knowledge that her sons were doing drugs upstairs."

The Court finds that the testimony was properly allowed. The testimony went to the detective's state of mind, i.e. why he had not arrested Defendant's mother, and was not admitted for the truth of the matter asserted. Indeed, the Court instructed the jurors accordingly. Moreover, the statement was only allowed after the Court was given assurances that the mother would testify. The mother did testify, and the Defendant had full opportunity to question her about her statement.

Even if the statement can be considered hearsay where all parties to a conversation testify at trial, the exclusion of what each heard as "hearsay" would stand the rule on its head. At a trial, all witnesses cannot testify at once. Their availability to testify renders a lesser need to strictly apply the hearsay rule since the exclusionary basis for the rule (a speaker's unavailability) is not applicable.

### CONCLUSION

Based on the record before the Court, the Court denies Defendant Walker's motion for a new trial and his motion for judgement of acquittal.