**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond Anthony PANZAR, Defendant-Appellant.**

**No. 26912.**

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1969.

that with respect to either of these items, the government was aware of them until the day of the trial. See in this connection Miller v. Pale, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690, 1967; Levin v. Katzenbach, D.C.Cir., 1966, 363 F.2d 287; and Jackson v. Wainwright, 5 Cir., 1968, 390 F.2d 288.

The judgment is affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Charles Edward YOUNG, Jr., Defendant-Appellant.**

**No. 24154.**

United States Court of Appeals Ninth Circuit.

Dec. 2, 1969.

David A. Russell, Edgar Miller, Miller & Russell, Miami, Fla., for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Theodore Klein, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal from a conviction of forceably attempting to break into a branch of the United States Post Office to commit larceny in violation of Title 18 U.S.C.A. § 2115, is a mere grasping at straws.

We conclude that the trial court did not err in refusing to grant a mistrial because of the alleged failure of the government to comply strictly with the provisions of Rule 16 of the Federal Rules of Criminal Procedure dealing with discovery and inspection of certain items of evidence within the possession of the government. Both in the case of testimony with respect to some gloves that were being carried by appellant and the government witness' testimony of an oral "inculpatory statement," we conclude that the trial court properly held that there was no violation of Rule 16. There is no showing that would permit us to hold that the trial court erred in concluding