UNITED STATES of America,
Plaintiff(s)

v.

Edwin AVILES SIERRA, Defendant(s).

Criminal No. 06–405 (FAB).

United States District Court,
D. Puerto Rico.

June 11, 2007.

Lynn M. Doble–Salicrup, United States Attorney's Office, San Juan, PR, for Plaintiff(s).

Joseph C. Laws, Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant(s).

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On December 20, 2006, a Grand Jury sitting in this district issued a two-count indictment charging defendant Edwin Aviles Sierra ("Aviles") with the importation and the possession with intent to distribute of detectable amounts of cocaine (Docket No. 12). On March 6, 2007, on the second day of trial, the Court declared a mistrial upon Aviles' motion, which the United States joined, following a discovery violation by the United States (Docket No. 37). On March 28, 2007, a Grand Jury sitting in this district issued a four-count superseding indictment, charging Aviles with the importation and the possession with intent to distribute detectable amounts of cocaine and cocaine base (Docket No. 42). On May 16, 2007, Aviles moved to suppress a statement he allegedly made to the government agents while under custody (Docket No. 67). On May 22, 2007, the United States opposed the motion (Docket No. 73). On May 25, 2007, Aviles moved to dismiss the indictment on double jeopardy grounds and because of discovery violations (Docket No. 76). The United States has not opposed the motion. For the reasons discussed below, the Court **DENIES** Aviles' motion to suppress and **DENIES** Aviles' motion to dismiss.

## PROCEDURAL BACKGROUND

During trial, Agent Angelico Santiago testified that after finding the drugs in the vehicle, he asked Aviles if he would be willing to cooperate with them. Aviles refused. Agent Santiago then asked Aviles if he was going to take all the blame for the drugs, to which Aviles responded "yes". (Trial Transcript, March 6, 2007, pp. 58, 66). Upon hearing this testimony, Aviles' counsel promptly objected because the United States had not provided him with that inculpatory statement during discovery as required by Fed.R.Crim.P. 16(a)(1)(A). Although the Court was ready to grant a continuance for Aviles' counsel to prepare for cross-examination, which is all that is required when there is a discovery violation such as this,[1] it declared the mistrial after the United States asserted that it would not oppose the mistrial and would actually request one in order to protect the integrity of the proceedings and the defendant's rights. (Tr. at p. 78).

## DISCUSSION

### A. *Aviles' Motion to Suppress*

Aviles moves to suppress the inculpatory statement he allegedly made to agent San-

---

1. See Fed.R.Crim.P. 16(d)(2); *U.S. v. Muhammad,* 948 F.2d 1449, 1454–1455 (6th Cir. 1991); *U.S. v. Euceda–Hernandez,* 768 F.2d 1307, 1311 (11th Cir.1985); *U.S. v. Fulton,* 549 F.2d 1325, 1328–1329 (9th Cir.1977); *U.S. v. Panzar,* 418 F.2d 1239, 1240 (5th Cir. 1969).

tiago because he claims the agents did not read him his *Miranda*[2] rights until after he had made the statement. In support of his argument, Aviles has submitted a statement, unsworn and not made under penalty of perjury pursuant to 28 U.S.C. § 1746, stating that the agents questioned him without telling him of his right to remain silent and to have an attorney present.

During trial, however, Agent Santiago testified under oath that he did give Aviles the *Miranda* warnings in Spanish before starting to question him and specifically asked him if he understood those rights, to which Aviles assented. (Tr. at pp. 48–51). There was also testimony that afterwards Aviles signed a waiver of rights written in the Spanish language. (Tr. at p. 51).

The Court finds that Aviles has not brought forth sufficient evidence to controvert the testimony of Agent Santiago. Without such a showing, the Court must find that Aviles was informed of his *Miranda* rights prior to interrogation. Because Aviles does not argue that his statements were either involuntary or coerced, the Court need not enter into an examination of the voluntariness of his statements. *See, e.g., Dickerson v. U.S.*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). Accordingly, the Court finds that the statement is admissible.[3]

## B. *Aviles' Motion to Dismiss*

■ Aviles also moves the Court to dismiss the superceding indictment against him on the grounds that to allow this prosecution to continue after the first trial ended in a mistrial is a violation of his constitutional right not to be put in jeopardy twice for the same offense. The Supreme Court, however, has made it clear that when it is the defendant that moves for mistrial, and succeeds, double jeopardy would bar a second trial only if the Court finds that the United States' conduct was intended to provoke the defendant into moving for a mistrial.

> We do not by this opinion lay down a flat rule that where a defendant in a criminal trial successfully moves for a mistrial, he may not thereafter invoke the bar of double jeopardy against a second trial. But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

*Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Thus, double jeopardy would bar a second trial only if the United States' had deliberately withheld inculpatory statement and produced it at trial only to force Aviles to move for the mistrial.

The Court cannot find that the United States acted to force Aviles into requesting a mistrial deliberately. The Court asked the Assistant U.S. Attorney in the case if he had heard the statement before that day, and he represented to the Court that he had not (Tr. at p. 59). Furthermore, Agent Santiago had not included the statement in his report and when answering questions from defense counsel he testified that he did not remember telling the Assistant U.S. Attorney about the statement. Moreover, even without the statement, the

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** Given Agent Santiago's account of the interrogation (Tr. At pp. 47–58), and absent any evidence to contradict his testimony from the defendant, the Court would be inclined to rule that the statement was voluntarily made if Aviles had raised the issue.

evidence presented at trial was sufficient to support a guilty verdict and any prejudice that Aviles could have suffered because the jury heard the statement would be negligible. Under the circumstances, the Court does not find any bad faith on the United States' part in not disclosing the statement. Accordingly, the double jeopardy clause does not bar a second trial in this case.

■ Aviles further argues, however, that the superseding indictment must be dismissed because the United States has gained a tactical advantage due to the declaration of a mistrial. Aviles claims that after the first trial, the United States knows the course of his defense and is better prepared to counter any theories or arguments that he may offer in his defense. The argument, however, is insufficient to persuade the Court that Aviles will suffer prejudice. Aviles' defense during the first trial was limited to the cross-examination of the United States' witnesses. He did not present any evidence that would support a theory of defense. *See, e.g., U.S. v. Gomez–Rosario,* 418 F.3d 90, 108 (1st Cir.2005)(The defendant "has not identified any specific advantage that the government gained. [He] did not present any evidence in the first trial. He cannot argue, therefore, that the sequential prosecution allowed the government to preview his case or to adapt its case to his defense. In short, [his] due process claim must fail."). Therefore, Aviles' argument that the United States has gained a tactical advantage is without merit.

Aviles also claims that the United States has now[4] produced additional discovery under Fed.R.Crim.P. 16 which it had not produced before the first trial and argues that the case should be dismissed because of this discovery violation. Dismissal,

however, is too drastic a measure as a sanction for a discovery violation when less restrictive means, such as suppression of any evidence not previously disclosed. "The trial court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." *U.S. v. Gee,* 695 F.2d 1165, 1169 (9th Cir.1983); *see also Government of Virgin Islands v. Fahie,* 419 F.3d 249, 255 (3rd Cir.2005)(Finding that dismissal is proper only "where a defendant can show both willful misconduct by the government, and prejudice. . . ."); *U.S. v. Cueto,* 628 F.2d 1273, 1276 (10th Cir.1980)(Finding that dismissal was not proper unless the government willfully withheld exculpatory material.).

Aviles has not placed the Court in a position to decide at this time whether the newly discovered evidence should be suppressed. He claims to have received new evidence, but he does not state what this new evidence is. The Court is also without the benefit of an explanation from the United States as to why the evidence was not disclosed prior to the first trial or whether or not it is relevant to the additional counts in the superseding indictment. Therefore, the Court will deny Aviles' request as to the newly-produced discovery material, but without prejudice to his raising the issue again prior to or during trial.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Aviles' motion to suppress and **DENIES** Aviles' motion to dismiss.

**IT IS SO ORDERED.**

---

**4.** The Court takes the word "now" to mean    after the superseding indictment.